## No. 10,759.

## BENEFICIAL LOAN AND INVESTMENT CO. *v.* IRA.

Decided May 5, 1924.

Action in replevin.   Judgment for defendant.

### *Affirmed.*

### *On Application for Supersedeas.*

1. MONEY LENDERS—*Invalid Transaction.*  Plaintiff, operating under the provisions of chapter 63, C. L. '21, concerning money lenders, loaned to defendant $300, evidenced by promissory notes bearing interest at the rate of 12 per cent per annum until paid, and 24 per cent per annum after maturity.  Held, under the facts of record, that the transaction came within the prohibition of the statute.

2. APPEAL AND ERROR—*Constitutional Law—Questions not Raised Below.*  The question of the constitutionality of a statute, not being raised in the trial court, will not be considered on review.

*Error to the County Court of the City and County of Denver, Hon. G. A. Luxford, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for plaintiff in error.

Mr. WAYNE A. GUNKLE, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SUIT brought before a justice of the peace in replevin by the plaintiff company against the defendant to recover possession of an automobile.   The judgment was in favor of defendant for possession, or its value, $300.   Plaintiff appealed to the county court, where trial was had to the court without a jury and a like judgment rendered.   Plaintiff brings the case here for review and asks that the case be determined upon its application for a supersedeas.

The facts are as follows:   On or about February 13,

1923, the defendant was the owner of the automobile in question, for which he paid $300, and upon which he gave the plaintiff a chattel mortgage to secure six certain promissory notes executed and delivered by defendant to plaintiff, aggregating the sum of $365. The notes and mortgage bore date February 13, 1923, the first of the notes, becoming due, matured in one month after the date thereof. None has been paid. When the first one became due and was not paid, plaintiff took possession of the automobile. The notes provided that they should bear interest at the rate of twelve per cent. per annum from date until paid, and if interest or principal was not paid at maturity then accrued interest and principal to draw interest at the rate of twenty-four per cent. per annum, together with all attorney's fees and other costs and charges for their collection.

The defendant claims that on the date mentioned he borrowed $300 from the plaintiff, for which the notes and mortgage were given, and that he borrowed it to pay for the car in question, while the plaintiff claims that it lent him on that date, $365, and gave him two checks for the same, one for $300, and the other for $65. The record discloses that defendant endorsed and cashed the $300 check, and that he endorsed the $65 check and returned it to the plaintiff. It appears that the plaintiff paid about $19.60 for insurance on the automobile, and for filing and recording a bill of sale, and chattel mortgage, about $2.85.

It further appears from the record that the plaintiff refused to make the loan to the defendant unless he signed a subscription agreement for 300 shares of the preferred stock of plaintiff company, par value one dollar per share, payable $65 in cash at the time, and the balance in 30 installments of $8 each, which it appears he did, the company claiming that it made no loans of $300 or less to anyone, unless the borrower subscribed for stock in the company. It further appears that the company in the prosecution of its business makes loans for more, as well as for less than $300. Prior to the making of this loan plaintiff had pro-

cured a license and given a bond for the year 1923 as required by the provisions of chapter 159, Session Laws 1919, (Compiled Laws 1921, chap. 63), and at the time of the making of the loan, plaintiff delivered to defendant a statement of the loan as required by that act, upon which was printed a copy of section 13 thereof.

The defendant claims that when this loan was made the plaintiff was operating under and pursuant to the provisions of that act, and as a licensee thereunder; that as a consequence the contract of loan is void and plaintiff is entitled to recover nothing, nor can the plaintiff enforce payment of the money lent or foreclose the chattel mortgage on defendant's car.

The plaintiff contends: (1) That the loan in question was for more than $300 and therefore does not come within the prohibition of chapter 159, Laws 1919 (Compiled Laws 1921, chap. 63). (2) That even though the loan be considered as one for $300, or less, still the transaction was a valid one, because plaintiff had the right to refuse to loan its money to anyone, but a given class of persons. (3) That the subject matter of sections 13 and 17 of chapter 159 is not indicated in the title of the act and therefore contravenes section 21, article 5, of the Constitution.

It is perfectly clear from the evidence that the actual amount lent by plaintiff to defendant was $300. The $65 were in fact retained by plaintiff as the first, or cash payment, on defendant's subscription agreement for the purchase of stock of the plaintiff company, and if we assume that the stock transaction was valid, then plaintiff simply paid for the insurance on the car and for recording the papers out of its own funds without authority from defendant so to do. If, however, we should find that the stock transaction was entered into as a subterfuge in an effort on the part of plaintiff to evade the provisions of the law, and charge and receive more than one per cent. per month, then the plaintiff fares no better. The notes bearing twenty-four per cent. per annum after maturity are plainly unenforceable.

We think the court did not err in holding that the transaction, as shown by the evidence, came within the prohibition of Session Laws 1919, chapter 159.

The assignments of error that the act in question is unconstitutional cannot be considered by us. The record fails to disclose that this question was in any manner called to the attention of the trial court. The plaintiff could have raised the question at the trial by an objection to evidence, or by appropriate motion, and having failed to raise it in any manner there, cannot raise it here for the first time. This has been so often decided by this court that a citation of the cases is unnecessary.

Finding no error in the record, the supersedeas is denied, and the judgment of the county court affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.