## No. 13,611.

### Johnson et al. *v.* People ex rel. Kelly.
(40 P. [2d] 615)

Decided January 7, 1935.  Rehearing denied January 28, 1935.

Mr. Paul P. Prosser, Attorney General, Mr. Charles

176

Roach, Assistant, Mr. Pierpont Fuller, Jr., Assistant, for plaintiffs in error.

Mr. Geo. A. Crowder, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

The plaintiffs in error were respondents in the trial court and we will so refer to them in this opinion. The defendant in error will be hereinafter designated as petitioner.

On July 1, 1933, an administrative code for the state of Colorado became effective. It was passed by the legislature under the title, "An Act Relating to the Administration of the State Government," and constitutes chapter 37, Session Laws, 1933. Article 9, which relates to the abolishment of certain offices, departments, bureaus, divisions, boards, commissions and agencies, is specially titled "Short Title, General Reorganization Provisions and Repeals." The first section of this article is as follows: "This act shall be known and may be cited as 'The Administrative Code of 1933.'" Among the offices abolished was that of chief inspector of steam boilers, the statute creating which office, being then in existence, was in 1919 amended, the amendment providing for "one chief and two deputies, inspectors of steam boilers," and prescribing their duties and salaries. The petitioner herein was permanently certified by the Civil Service Commission to the position of deputy inspector February 20, 1930, the chief inspector, and other deputy having been previously certified and appointed.

On the date the Administrative Code became effective, petitioner was dismissed from service by a ruling of the Civil Service Commission to the effect that under its rules petitioner, being the most recent appointee in the

steam boiler inspection department, had to be the first discharged when the force was reduced by the abolishment of one of the offices of said department. In so holding, the commission was acting under rule 10 of its civil service rules, the applicable part thereof being as follows:

"Whenever for lack of funds or work, or for other like cause, it becomes necessary in any state department or institution to reduce the force in any employment, the person last appointed shall be the first discharged, and the person last promoted shall be the first demoted, so that the seniority rights of all persons in the classified service shall be fully protected. When employment is again available, persons so discharged shall be reinstated in the order of their original employment."

Pertinent parts of the Administrative Code are as follows:

Section 39, relating to the transfer of the functions or abolishment of governmental agencies, reads: "All rights, powers, and duties, which have heretofore been vested in, exercised by, or imposed upon any officer whose office is abolished by this Act, or any board, commission, institution, bureau, division, or department abolished by this Act, or any deputy, officer, agent, or other subordinate or employe thereof, and which are by this Act transferred, either in whole or in part, to a department, board, or commission created by this Act, shall be vested in, exercised by, and imposed upon the department, board or commission to which the same are transferred by this Act, and not otherwise; and every act done in the exercise of such rights or powers and the performance of such duties shall have the same legal effect as if done by the former officer, board, commission, institution, bureau, division, or department, or deputy, officer, agent or other subordinate or employe thereof. * * * *."

Section 41. "Where an existing office, board, commission, institution, bureau, division, or department is abolished by this Act, all employes thereof shall, as tem-

porary appointees of the department, board, or commission to which the rights, powers, duties, and obligations of such office, board, commission, institution, bureau, division, or department are transferred, continue to perform their usual duties upon the same terms and conditions as theretofore, until removed, appointed to positions in accordance with the provisions of this Act relative to such department, board, or commission, or transferred to other departments, boards, or commissions. Where the rights, powers, duties and obligations of any such office, board, commission, institution, bureau, division, or department are divided between two (2) or more departments, boards, or commissions, each of said departments, boards, or commissions shall receive on the above terms and conditions such of the employes of said office, board, commission, institution, bureau, division or department as are regularly occupied in connection with the functions thereof, which are by this Act transferred to such department, board or commission; Provided, That every employe of such office, board, commission, institution, bureau, division, or department shall be placed temporarily in one of said departments, boards, or commissions. All questions arising under this Section shall be determined by the Executive Council, subject to the provisions of Article XII, Section 13 of the Constitution of Colorado, and the Statutes enacted pursuant thereto.''

Article II. ''10. The Division of Industrial Relations, under the supervision and direction of the Industrial Commission of Colorado. This Division shall consist of the following administrative departments, agencies and offices, which, except as otherwise expressly provided in this Act, shall continue as now organized and existing:

''a. The Industrial Commission of Colorado. The Division of Industrial Relations shall: * * *

'' (2) Exercise all the rights and powers and perform all the duties vested and imposed by law in and upon the

Chief Inspector of Steam Boilers, his deputies and employes.''

Upon his discharge, petitioner sought and obtained a peremptory writ of mandamus against respondents requiring them to recognize him as deputy inspector of steam boilers and to pay him his salary as such from the date of his discharge. To the judgment granting said writ, the respondents assign error and, making application for supersedeas, request that the cause be fully determined upon such application.

▮ The petitioner attacks the constitutionality of the Administrative Code Act for the first time in his brief in this court, and the question not having been raised in the trial court, it will not be considered on review. *Beneficial Loan and Investment Co. v. Ira,* 75 Colo. 379, 226 Pac. 136.

▮▮ It is contended by petitioner, and the trial court found, that no action had ever been taken by the executive council under the provisions of the act to the effect that ''all questions arising under this Section shall be determined by the Executive Council, subject to the provisions of Article XII, section 13 of the Constitution * * * and the statutes enacted pursuant thereto,'' although requested by petitioner to do so, and he further contends that he was an employe, under the terms of the act, and entitled to at least temporary employment; that the duties of the chief inspector, whose office was abolished, were sufficiently different to cause a different classification between the office abolished and the position held by petitioner. There is no dispute as to the petitioner being the last one of the three officials to be certified and appointed under the civil service rules. As we view the record, the only justification for the additional salary, and the title of chief boiler inspector, lies in the fact that this officer was required to furnish a bond and make reports, but his principal duty was that of inspecting steam boilers, and the position properly fell within the equal classification given and fixed by the Civil Serv-

ice Commission, which included the two deputies as boiler inspectors, and they were so placed in the classified Civil Service of the state. This classification is discretionary with the Civil Service Commission and having exercised its discretion under its rule herein quoted, the petitioner was disconnected from the service. Unless there is an abuse of this discretion which accompanies the vested authority of such administrative tribunals as the Civil Service Commission—and such does not appear here—the courts should be slow to interfere. There was nothing for the executive council to act upon. The Civil Service Commission, which had authority to act, had already acted, and the executive council is not vested with any authority to overturn the action of another administrative commission.

The petitioner further relies upon section 41 of the Administrative Code which provides: "Where an existing office * * * is abolished by this act, *all employes thereof* shall, as temporary appointees of the department * * * to which the * * * duties * * * of such office * * * are transferred, continue to perform their usual duties * * * until removed * * *."

It is to be noted that the department of boiler inspection was not abolished, but only one of the statutory offices, namely, that of deputy inspector. Petitioner was one of the statutory officers. He never was, and did not become by abolishment of the office of chief boiler inspector, an employee of the department. It was clearly the intention of the legislature to lessen the number of inspectors and, such inspectors being under civil service, the one to be affected by such legislative action, must necessarily be treated according to the civil service rules and regulations. If, as here, there were three inspectors in the classified service, and one was to be relieved from duty, then the two oldest in point of service had to be retained.

We believe that there has been a proper compliance with the rules and regulations of the Civil Service Com-

mission which govern in this case, and that petitioner is not entitled to the relief sought; therefore the judgment is reversed and the cause remanded with directions to the lower court to dismiss the petition.

MR. CHIEF JUSTICE ADAMS not participating.