## No. 26029

## The People of the State of Colorado, In the Interest of G.A.T., Minor Child, and Concerning L.M.
### (515 P.2d 104)

Decided October 23, 1973.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for petitioner-appellee.

Bruce Myre Flossic, for appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal was transferred to this court on the recommendation of the Court of Appeals because the appellant, G.A.T., presented arguments which challenged the constitutionality of 1969 Perm. Supp., C.R.S. 1963, 22-1-4(4) (waiver of juvenile court jurisdiction), and 22-3-8 (transfer hearing), and C.R.J.P. 25. The appellant also contends on appeal that numerous errors occurred in the course of the transfer hearing which require us to reverse the decision of the juvenile court. For the reasons set forth in this opinion, we affirm the juvenile court transfer order.

I.

Facts

Evidence was presented to the juvenile court to show that

G.A.T., who was sixteen years old, entered into a conspiracy with a companion, who was about the same age, and in pursuance of the conspiracy did rape, rob, and commit deviate sexual intercourse on a fifteen-year-old girl. The prosecution claimed that before the girl was released by G.A.T., she was beaten, stabbed three times with an ice pick, raped, robbed, and forced to submit to cunnilingus or deviate sexual intercourse. All of the crimes which G.A.T. allegedly committed are felonies. 1971 Perm. Supp., C.R.S. 1963, 40-3-401 (rape), 40-3-403 (deviate sexual intercourse), 40-4-302 (aggravated robbery), and 40-2-201 (conspiracy).

The day after this fifteen-year-old girl was assaulted and otherwise mistreated, G.A.T. learned that the authorities were searching for him, and he surrendered to the police. The police officer who arrested G.A.T. testified that shortly after G.A.T. turned himself in and was advised of his rights, he voluntarily admitted that he not only raped the girl and performed cunnilingus on her, but also that he joined with his companion in assaulting her with an ice pick and an axe.

A petition in delinquency was thereafter filed in the Denver juvenile court. 1967 Perm. Supp., C.R.S. 1963, 22-3-1. A plea hearing was held on April 10, 1973, where counsel was appointed to represent G.A.T. Subsequently, the district attorney requested that a transfer hearing be held, pursuant to 1969 Perm. Supp., C.R.S. 1963, 22-1-4(4). The district attorney alleged that the juvenile court should waive jurisdiction so that G.A.T. could be tried in the district court as an adult for the violent crimes which were committed.

Thereafter, a transfer hearing was held on April 23 and 24, 1973, pursuant to C.R.J.P. 25, and extensive evidence was presented. G.A.T. appeared with his mother and with his appointed counsel at the time scheduled for the hearing, and G.A.T.'s counsel presented evidence in opposition to the transfer. Seven witnesses were called and examined by the district attorney, defense counsel, and by the court.

At the conclusion of the transfer hearing, the court made findings of fact, based upon the evidence presented, regarding each of the seven factors set forth in C.R.J.P. 25(c) and

properly considered the seven factors individually and also weighed the interrelationship of each factor to the others. The juvenile judge then waived jurisdiction of the juvenile court. Following the entry of the transfer order, a petition for rehearing was filed and denied, and G.A.T., through his counsel, filed this appeal.

II.
Service of Process

It is undisputed that G.A.T.'s mother was not served with a summons and petition until after the first day's hearing was completed, although counsel obtained a copy of the summons and petition shortly after he was appointed. Counsel, therefore, argues that the juvenile court was without jurisdiction and did not obtain jurisdiction until the second day of the hearing.

The applicable sections of our statutes and C.R.J.P. 14 are not in conflict and provide:

"22-3-3. Summons — issuance — contents — service. — (1) After a petition has been filed, the court shall promptly issue a summons reciting briefly the substance of the petition . . . .

"(2) *No summons shall issue to any respondent who appears voluntarily,* or who waives service, or who has promised in writing to appear at the hearing as provided in sections 22-2-2 or 22-2-3, *but any such person shall be provided with a copy of the petition and summons upon appearance or request.* [Emphasis added.] 1967 Perm. Supp., C.R.S. 1963, 22-3-3.

C.R.J.P. 14. Summons — Service.

"(a) *Summons shall issue to the parents, guardian, or custodian* including those who reside outside of or cannot be found within the State of Colorado or whose whereabouts is unknown. Service shall be made at least two days before the time fixed in the summons for appearance . . . .

"(b) *Service need not be made on any respondent who appears voluntarily,* or who waives service, or who has promised in writing to appear at the hearing, *but any such person shall be provided with a copy of the petition and summons upon appearance or request.*" [Emphasis added.] *See also* 1969 Perm. Supp., C.R.S. 1963, 22-1-7, for the

interrelationship of the Colorado Rules of Civil Procedure, Colorado Rules of Juvenile Procedure, and the statutory provisions relating to juveniles.

The record is clear that G.A.T.'s mother appeared voluntarily at the transfer hearing, along with G.A.T. and his court-appointed counsel, and participated actively in the hearing on both April 23 and April 24, 1973. It is also clear that G.A.T.'s counsel made no objection to the failure to serve G.A.T.'s mother until long after the hearing had begun. Moreover, no claim is made that the failure to effect service prejudiced the rights of either G.A.T. or his mother or that the failure denied G.A.T. a hearing that was fundamentally fair. Therefore, under the provisions of 1967 Perm. Supp., C.R.S. 1963, 22-3-3(2), the voluntary appearance of G.A.T.'s mother and her participation in the hearing constitutes a waiver of her right to personal service and controls the jurisdictional challenge. We conclude, therefore, that the failure to effect service on G.A.T.'s mother did not constitute reversible error in this case.

## III.
### Sufficiency of the Evidence

G.A.T. also argues that the evidence presented at the transfer hearing is insufficient to support the juvenile court's order. He contends that the evidence presented does not satisfy the requirements of C.R.J.P. 25 and that as a result we should reverse the juvenile court. We do not agree.

The juvenile court judge, as trier of the fact, has the obligation and duty not only to weigh the evidence and to determine the credibility of the witnesses, but also to draw all proper inferences from the evidence and to resolve all conflicts in the evidence. Thus, in reviewing the findings of fact and the conclusions reached by the juvenile court judge, we must initially determine if there is evidence in the record to support the trial court's findings. *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968). If there is evidence to support the trial court's findings, we are not at liberty to set aside the juvenile court's findings of fact, unless we determine that based upon all of the evidence before the court, when the

evidence is viewed as a whole, those findings are clearly erroneous. C.R.C.P. 52(a). *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970).

A review of the record reveals that there was ample evidence presented at the transfer hearing which bore a direct relationship to each of the seven factors set forth in C.R.J.P. 25 to support the juvenile judge's findings. Moreover, after reviewing the entire transfer hearing record and considering all of the evidence presented, we cannot say that the juvenile judge's findings are clearly erroneous. We, therefore, must reject G.A.T.'s claim that the evidence was insufficient.

IV.

Constitutional Issues

G.A.T. also claims that 1969 Perm. Supp., C.R.S. 1963, 22-1-4(4), 22-3-8, and C.R.J.P. 25 are unconstitutional. The claim of unconstitutionality is raised for the first time in this court and was not asserted in the juvenile court at the time of the transfer hearing or on petition for rehearing. As a result, the constitutional issues are not properly before us for determination, and we express no opinion as to the constitutionality of the challenged statutes or the juvenile court rule. *Johnson v. People ex rel. Kelly,* 96 Colo. 175, 40 P.2d 615 (1935); *Beneficial Loan & Investment Co. v. I. R. A.,* 75 Colo. 379, 226 P. 136 (1924).

V.

The Remaining Assignments of Error

We have reviewed the appellant's other assignments of error and have determined that none of the assignments requires us to reverse the juvenile court.

Accordingly, we affirm the juvenile court's transfer order.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.