**No. 80SA46**

**Jerry L. Manka, Barbara R. Manka, and Ricky A. Manka v. Jerry D. Martin, Rodney Simmons, Richard Hewitt, E. L. Post, T. V. Middle, C. F. Jeffers, L. C. Hoeffer, Frank T. Beckwith, Roland J. Brumbaugh, Alan Charnes, and Joseph F. Dolan**

(614 P.2d 875)

Decided July 21, 1980.            Rehearing denied August 11, 1980.

---

Jerry L. Manka, Barbara R. Manka, and Ricky A. Manka, Pro se.

J. D. MacFarlane, Attorney General, Richard F. Hennessy, Deputy, Mary J. Mullarkey, Solicitor General, Billy Shuman, Assistant Attorney General; Yegge, Hall & Evans, Carol M. Welch, for defendants-appellees.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

This appeal[1] is from summary judgments entered in favor of appellees, the Colorado Department of Revenue and certain named agents, in five cases filed in August and September 1977 in the District Court of El Paso County by appellants, Jerry L., Barbara R., and Ricky Manka. We affirm.

The actions arose from the levying and collection of sales, use, and income taxes by the Colorado Department of Revenue (the Department) in

---

[1] Although appellants filed their appeal in the court of appeals, because in their briefs they challenged the constitutionality of certain state statutes, the court of appeals requested that this court determine the proper jurisdiction. We ordered the appeal transferred to this court pursuant to section 13-4-102, C.R.S. 1973.

1976 from appellants, individually and under the business names of Central Cycle Shoppe and Track and Wheel Equipment Company.[2] In March 1978, on the motion of the appellees, the district court consolidated the cases into No. 95403. The trial date was set for August 1979.

On July 31, 1979, the district court granted summary judgment in favor of appellees in three of the cases (Nos. 95490, 95491, and 95554).

The court also granted partial summary judgment to appellees in the remaining two cases. The partial summary judgment limited appellants' possible recovery in No. 95403 to the amount of the refund allegedly due, plus interest, and, in No. 95470, to the market value plus interest of any automobile parts proven to have been lost from the automobile due to appellees' conduct. These two cases remained consolidated and were tried to a jury in August 1979. The jury returned a verdict in favor of the appellees in No. 95470 and in favor of the appellants in No. 95403 in the amount of $535.62. Appellants failed to file any motion pursuant to C.R.C.P. 59 for a new trial or an amended judgment. They did, however, timely file a notice of appeal from the summary judgments.

The record before this court does not contain any direction by the district court that the partial summary judgment granted to the appellees in cases Nos. 95403 and 95470 be made a final judgment for purposes of appeal. C.R.C.P. 54(b).

The issues on appeal may be stated as follows: (1) whether sections 39-22-601 et seq. and sections 39-21-103, 104, 105, 113, and 114, C.R.S. 1973, are unconstitutional; and (2) whether the trial court erred in granting appellees' motion for summary judgments in Nos. 95490, 95491 and 95554; erred in granting appellees' motion for partial summary judgment in Nos. 95403 and 95470; and erred in denying appellants' motion for summary judgment in all five cases.

## I.

Appellants raise as an issue on appeal the constitutionality of the various statutes, all of which relate to the procedures to be followed concerning tax claims and the administration of the Colorado Department of

---

[2] The summary judgment order contained a brief description of each complaint. We here summarize the descriptions.

The appellants Jerry L. and Barbara R. Manka brought the following actions against appellees:

In No. 95403, plaintiffs sought damages arising from action of appellees in refusing to refund $1,014.23 in taxes which appellants paid under protest.

In No. 95470, plaintiffs sought damages arising from actions of the appellees in seizing and holding their automobile. This action is apparently based on unlawful seizure and negligence.

In No. 95490, plaintiffs sought relief from, and compensation for damages arising from, an allegedly fraudulent and unlawful audit by appellee Jeffers.

In No. 95491, plaintiffs sought damages arising from actions of appellees in allegedly unlawfully seizing their pickup truck.

All three appellants in No. 95554 sought damages arising from an allegedly illegal seizure of their personal property. This is the only suit in which appellant Ricky A. Manka is named as plaintiff.

Revenue.

■ Having carefully examined the record, and, in particular, the complaints, we can find no indication that the constitutionality of any of these statutes was raised as an issue at the trial level. Questioning the constitutionality of a statute for the first time in an appellate brief will not successfully raise the issue for review by this court on appeal. *Hessling v. Broomfield,* 193 Colo. 124, 563 P.2d 12 (1977); *Johnson v. People,* 96 Colo. 175, 40 P.2d 615 (1935); *Loan Company v. Ira,* 75 Colo. 379, 226 P. 136 (1924). We find no reason to depart from this rule in this appeal.

■ Appellants claim that they believed they were identifying the issue at the trial level by citing 42 U.S.C. 1983 in their complaints. A mere recitation of 42 U.S.C. 1983, a federal statute recognizing a cause of action in a citizen of the United States arising from a deprivation of constitutional rights, is not sufficient to identify as an issue the constitutionality of particular Colorado statutes.

## II.

We next consider appellants' claim that the trial court erred in granting summary judgments in favor of appellee.

### (A) Actions Nos. 95403 and 95470

As indicated above, the trial court granted partial summary judgments in actions Nos. 95403 and 95470. In doing so, the court ruled that, as a matter of law, appellees prevailed except as to appellants' claim for a refund and for reimbursement for the value of the missing auto parts. In neither of these cases was the action terminated by the order of partial summary judgment.

■ When a summary judgment disposes of less than the entire action, the judgment is not final unless the trial court expressly determines that there is no just reason for delay and directs the entry of a final judgment. C.R.C.P. 54(b). If a trial court does not make such a determination, the court's decision "shall not terminate the action as to any of the claims . . . ." C.R.C.P. 54(b). Because partial summary judgments in actions Nos. 95403 and 95470 were not final judgments, they are not appealable. The rights and liabilities of the parties remain yet to be determined. *Stillings v. Davis,* 158 Colo. 308, 406 P.2d 337 (1965).

■ Furthermore, after these two cases were tried and the parties' rights and obligations were determined, appellants could have, and indeed should have, moved for a new trial or an altered or amended judgment under C.R.C.P. 59. Because they did not timely file such motions and allow the trial court an opportunity to review its possible errors, appellants are not barred on appeal from asserting error by the trial court. *Rueckhaus v. Snow,* 167 Colo. 51, 445 P.2d 577 (1968).

We dismiss the appeal from the partial summary judgments in actions Nos. 95403 and 95470.

### (B) Action No. 95490

The district court in its summary judgment order took judicial notice of a 1976 civil action, *Manka v. Martin,* Civil Action No. 92349, and ruled that the decision there barred the instant action under the doctrine of res judicata. We agree with that ruling.

In the earlier action (No. 92349), Jerry L. and Barbara R. Manka had sought and received a temporary restraining order from the El Paso County District Court against the Department and, specifically, against Jerry Martin, a collection and enforcement agent, and Joseph F. Dolan, the Director of the Department. The order prohibited further seizure and holdings of the Mankas' property . It was based upon their allegations that the value of the property already seized by the Department exceeded the amount of their tax deficiency, and that the assessment of the tax deficiencies was unlawful. Following a hearing, the trial court vacated the temporary restraining order and denied the request for relief in the nature of mandamus and permanent injunction. The court did so because it found that, contrary to the assertions of the Mankas, they had failed to follow the proper administrative appeal procedure by requesting a hearing pursuant to section 39-21-103, C.R.S. 1973, as set forth in the notices of deficiency which they had received.[3] No timely appeal was taken from the ruling in that action.

The district court also noted that the complaint in action No. 95490 was based upon the same alleged facts as in the 1976 complaint (No. 92349) and that the causes of action in both cases were identical, *viz.*, an alleged wrongful audit.[4] Based upon these identities of fact and claims, the district court ruled that the present action must be dismissed under the doctrine of res judicata.

In *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973), this court discussed the doctrine of res judicata.

". . . The doctrine holds that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. It bars relitigation not only of all issues actually decided, but of all issues that might have been decided. It requires an identity of parties or their privies (*Restatement, Judgements* §§ 83-92 (1942)), as it would be unfair to pre-; clude a party from litigating an issue merely because he could have litigated it against a different party."

---

[3] A taxpayer's failure to pursue the proper administrative courses available to him as possible remedies bars him from later attacking the final determination and notice of tax deficiency. *Liebhardt v. Revenue Department,* 123 Colo. 369, 229 P.2d 655 (1951).

[4] The only factual difference between the two actions is that one distraint warrant complained of in the instant case was issued after the temporary restraining order was vacated in the earlier case. However, since the same facts served as the basis for the issue of all the distraint warrants, we agree with the trial court that this factual difference is of no consequence to the present issue.

█ It is not significant that the named defendants in the instant case include individual agents and employees of the Department not named in the earlier case. The doctrine of res judicata does not require that all parties to the previous suit be parties to the subsequent suit, and vice versa, but only that the party against whom the doctrine is asserted shall have been a party or in privity with a party to the prior adjudication on the same claim. *Pomeroy v. Waitkus, supra; Murphy v. No. Colo. Grain,* 30 Colo. App. 21, 488 P.2d 103 (1971).

█ Jerry L. and Barbara R. Manka were plaintiffs in both cases Nos. 92349 and 95494. The alleged causes of action in each were identical. The court in No. 92349 decided the issue of a wrongful audit against them. They are therefore barred under the doctrine of res judicata from relitigating the issue in this case. Summary judgment was properly ordered in case No. 95490.

### (C) Action No. 95491

In this action, appellants apparently allege that the Department's seizure of their pickup truck from the public streets on June 11, 1976, was unlawful. The allegations in their complaint, and amendments to the complaint, are far from clear. The district court in its summary judgment order summarized appellants' argument as asserting that the distraint warrant was "not directed toward it [the truck]." To the extent that the Mankas are arguing that the Department lacked authority to assess their tax liability and to pursue collection procedures by seizing the truck, we refer to part II(B) of this opinion and hold that the doctrine of res judicata supports the district court's grant of summary judgment against appellants.

█ To the extent that appellants are arguing that the seizure of the truck was invalid as a violation of the Fourth Amendment of the United States Constitution, we do not agree. It is plain that warrantless seizures of automobiles from public streets by tax enforcement authorities are not violative of the Fourth Amendment. *G. M. Leasing Corp. v. United States,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). Consequently, even if the distraint warrant were "not directed toward" the truck, that fact is immaterial to the legality of the seizure.

Appellants cite numerous other provisions of the United States Constitution which they claim have been violated by the Department's seizure of their property. We can find no merit to these arguments.

We affirm the district court's summary judgment in favor of appellees in action No. 95491.

### (D) Action No. 95554

All three appellants were plaintiffs in this action. They claimed that seizure of a Dodge truck and other personal property by the Department, on April 19, 1976, was unlawful. Appellants argue on appeal that the illegality resulted from (1) seizure of property belonging to Ricky A.

Manka pursuant to warrants concerning Jerry and Barbara Manka, and vice versa, and (2) the Department's failure to establish ownership of the seized property.

The district court found, on the basis of the pleading, that all assets of the businesses were owned by Jerry L. and Barbara Manka, and that Ricky Manka, as holder of a sales tax license for one of the businesses, was at most a nominal plaintiff. Indeed, there are no allegations in the complaint or amendments that Ricky Manka was the owner of the property seized pursuant to distraint warrants issued in the names of Jerry and Barbara Manka. Neither is there any support offered for the argument that the Department's seizure of the property was unlawful because the Department failed to establish the ownership of the property seized. Rather, the pleadings are replete with conclusionary statements and devoid of factual allegations necessary to a successful statement of a claim for relief.

█ Because appellants have not presented any discernibly meritorious argument concerning the unlawfulness of the seizures, and because we see no genuine issue as to any material fact, we affirm the district court's summary judgment dismissing action No. 95554.

█ In conclusion, we note that appellants elected to proceed pro se both at the trial and appellate level. We repeat what we have said before in similar circumstances:

". . . A litigant is permitted to present his own case, but, in so doing, should be restricted to the same rules of . . . procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded." *Knapp v. Fleming,* 127 Colo. 414, 258 P.2d 489 (1953).

". . . If a litigant, for whatever reason, sees fit to rely upon his own understanding of legal principles and the procedures involved in the courts, he must be prepared to accept the consequences of his mistakes and errors . . . ." *Viles v. Scofield,* 128 Colo. 185, 261 P.2d 148 (1953).

The appeal from the partial summary judgments in actions Nos. 95403 and 95470 is dismissed.

The judgments are affirmed in actions Nos. 95490, 95491, and 95554.

JUSTICE ERICKSON and JUSTICE DUBOFSKY do not participate.