**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**George Wayne ARMAND, Defendant–Appellant.**

**No. 91CA1426.**

Colorado Court of Appeals, Div. IV.

Sept. 9, 1993.

Rehearing Denied Oct. 7, 1993.

Certiorari Denied April 18, 1994.

**8**

Gale Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Katherine M. Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Samuel Santistevan, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, George Wayne Armand, appeals from the judgments of conviction entered on jury verdicts finding him guilty of second degree sexual assault and possession of an illegal weapon. We reverse and remand for a new trial.

The victim, a teenage girl, reported to her high school counselor that she had been sexually assaulted three days earlier by defendant in a friend's house. According to the victim, defendant woke her from an afternoon nap, asked her to accompany him upstairs to talk, and once upstairs, pulled her into a bathroom where he committed the assault. The weapons charge involved an incident unrelated to the alleged assault.

A delinquency petition was filed in juvenile court against defendant, who was 15 at the time. After a joint preliminary and transfer hearing, the court ordered that defendant be transferred to district court to be tried as an adult. Defendant was then charged by information in district court with first degree sexual assault and possession of an illegal weapon.

Prior to trial, defense counsel moved to exclude any evidence of defendant's prior juvenile adjudication for sexual assaults involving minor children. The trial court disagreed, ruling that the Children's Code applied because the case was initially filed as a juvenile proceeding. The court therefore concluded that § 19–2–505(2), C.R.S. (1993 Cum.Supp.) of the Code allowed the prosecution to impeach any testimony from defendant based upon his prior adjudication.

After jury selection but before the jury was sworn, the trial court judge became ill and another judge was assigned for trial of the case. Relying on the earlier ruling, the substitute judge advised defendant in connection with the advisement required by *People v. Curtis*, 681 P.2d 504 (Colo.1984) that he had the right to testify but that if he did testify he should be aware that juvenile adju-

dications could be used to impeach his testimony. Defendant elected not to testify.

Following trial, the jury found defendant guilty of possession of an illegal weapon and the lesser-included offense of second degree sexual assault. Defendant was sentenced as an adult to the department of corrections.

## I

■ Defendant initially contends that the trial court abused its discretion under § 19-3-108(2), C.R.S. (1986 Repl.Vol. 8B) in granting the prosecution's motion to transfer jurisdiction of the case from the juvenile court to the district court. We disagree.

Section 19-3-108(2) requires the court to consider a number of factors in reaching its decision. Defendant argues that the trial court abused its discretion by not expressly addressing in its findings certain of the statutory factors. Specifically, defendant notes that he was not 16 years of age at the time of the alleged offense, that he had been previously adjudicated a delinquent on only one occasion, that he had not been previously committed to the department of institutions, and that he had not previously been adjudicated for any crime of violence. *See* § 19-3-108(2)(b)(IX), (X), (XI), and (XII), C.R.S. (1986 Repl.Vol. 8B).

However, in reaching its decision, the trial court properly relied upon the fact that defendant had been in the juvenile system for offenses that involved sexual aggression, that he appeared to pose a threat to children, that he was on probation at the time of the present offense, and that the alleged offense was a serious one. *See* § 19-3-108(2)(b)(I), (II), (III), (V), and (VII), C.R.S. (1986 Repl.Vol. 8B). Hence, we find no abuse of the trial court's discretion. *See* § 19-3-108(2)(c), C.R.S. (1986 Repl.Vol. 8B); *People in Interest of G.A.T.*, 183 Colo. 111, 515 P.2d 104 (1973).

## II

Defendant next argues that the trial court erred in denying his motion in limine and in ruling that if he were to testify in his own defense, his prior juvenile adjudication could be used to impeach him. We agree.

Prior to the enactment of § 19-2-505(2), C.R.S. (1993 Cum.Supp.), an analogous section of the Children's Code provided that:

> *In a proceeding to have a child adjudicated a delinquent* for an act which would constitute a felony if committed by an adult, the attorney may bring into question the credibility of any witness including the child on cross-examination by introducing evidence of prior adjudications of the witness for an act which would constitute a felony if committed by an adult.

Section 19-1-107(2.7), C.R.S. (1986 Repl.Vol. 8B) (emphasis supplied).

■ Section 19-2-505(2) of the Children's Code currently provides that:

> *In any case brought under this title*, the credibility of any witness may be challenged because of his prior adult felony convictions and juvenile felony adjudications. (emphasis supplied)

Based upon the modification to the language of the statute, the prosecution contends that the trial court's ruling was correct because the case was first initiated under the Children's Code and thus, the prosecution argues, the evidentiary provisions of the Code apply even after the case is transferred. We disagree.

Contrary to the prosecution's contention, in our view the emphasized language in § 19-2-505(2) does not represent a legislative intent to make the Code applicable to a proceeding transferred to the district court. Instead, that amendment to the statute was adopted to make the same evidentiary rules applicable to any of the various proceedings that may be instituted under the Code such as, for example, proceedings regarding child abuse. *See* § 19-3-312, C.R.S. (1993 Cum. Supp.).

If one considers then the effect of a transfer order under § 19-2-806(1)(a), C.R.S. (1992 Cum.Supp.), the Code makes clear that after such an order has been entered, the juvenile court has no further jurisdiction unless the district court, in its discretion, chooses to remand the case to the juvenile court for disposition. Section 19-2-806(1)(d), C.R.S. (1993 Cum.Supp.); *see People v. Her-*

*nandez*, 690 P.2d 263 (Colo.App.1984). Further, our supreme court has held that:

> [T]he provisions of the Children's Code in conjunction with the definition of 'court' and 'juvenile court' provided by the General Assembly evinces the legislature's intent to limit the application of the Children's Code's procedures to proceedings in juvenile court.

*R.E.N. v. City of Colorado Springs*, 823 P.2d 1359, 1364 (Colo.1992).

As a result, we conclude that once the juvenile court enters an order transferring the case to the district court, the case is no longer one brought under the Children's Code and the same protections afforded an adult apply to the juvenile.

■ As the prosecution necessarily concedes, a Colorado juvenile adjudication is not a felony conviction and may not be used to impeach an adult defendant in a criminal trial. *People v. D'Apice*, 735 P.2d 882 (Colo.App.1986); *see also People v. Jones*, 743 P.2d 44 (Colo.App.1987); § 13–90–101, C.R.S. (1987 Repl.Vol. 6A). Hence, we conclude that the trial court's order denying defendant's motion in limine was error.

We find additional support for the conclusion we reach here from the rule of statutory construction which requires that our interpretation of the Code also comport with constitutional requirements whenever possible. *See Western Metal Lath v. Acoustical & Construction Supply, Inc.*, 851 P.2d 875 (Colo.1993). Were we to adopt the prosecution's construction of the Code, serious constitutional concerns would result because an adult could not be impeached with a juvenile adjudication but a juvenile tried as an adult could. We have been provided no rational basis for this disparate treatment of juveniles.

### III

■ The prosecution contends that any error in the trial court's ruling and the subsequent *Curtis* advisement was harmless because defendant did not testify and made no offer of proof as to the substance of his testimony. As a result, the prosecution argues, any possible harm flowing from the erroneous ruling is mere speculation. We view *People v. Chavez*, 853 P.2d 1149 (Colo.1993) as dispositive of this contention.

There, our supreme court confirmed that if a trial court affirmatively misleads a defendant in the advisement of his right to testify the advisement is inadequate to demonstrate a knowing and intelligent waiver of the right, and the defendant is not required to prove prejudice. Thus, the *Chavez* court rejected the prosecution's suggestion that the defendant there establish further prejudice because of the advisement, and we view the same analysis as applicable here.

We deem it unnecessary to address defendant's other contentions.

The judgment is reversed, and the cause is remanded to the trial court for a new trial.

CRISWELL and PLANK, JJ., concur.