**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Nicholas PEEK, Defendant–Appellant.**

**No. 95CA0355.**

Colorado Court of Appeals, Div. IV.

Nov. 29, 1996.

Rehearing Denied Dec. 27, 1996.

Certiorari Denied May 27, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Susan J. Schneider, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Nicholas Peek, appeals the judgment of conviction entered on a jury verdict finding him guilty of four counts of felony menacing. We affirm.

On appeal, defendant's sole argument is that the trial court failed to advise him adequately concerning his decision whether to testify at trial under *People v. Curtis*, 681 P.2d 504 (Colo.1984). Specifically, he contends the advisement was inadequate because the court did not advise him that juvenile adjudications could not be used to impeach his credibility if he elected to testify. We perceive no deficiency in the court's advisement.

A trial court must seek to assure that a defendant's waiver of the right to testify is voluntary, knowing, and intentional. *People v. Curtis, supra.* In order for a trial court's advisement on the right to testify to meet constitutional standards, it must advise the defendant on the record:

that he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the

prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility. . . . [T]he defendant should also be advised that he has a right not to testify and that if he does not testify then the jury can be instructed about that right.

*People v. Curtis, supra,* 681 P.2d at 514.

No precise litany or formula must be followed in advising a defendant of his right to testify. However, the advisement must include all of the elements set out in *Curtis. People v. Milton,* 864 P.2d 1097 (Colo.1993).

Because the prosecution bears the burden of establishing that a defendant's waiver of the fundamental right to testify was voluntary, knowing, and intentional, we must "indulge every reasonable presumption against waiver" in reviewing the record. *People v. Milton, supra,* 864 P.2d at 1099.

The relevant procedural facts of the instant appeal are not in dispute. In 1990 and 1992, defendant was adjudicated guilty in Colorado of offenses which, if committed by an adult, would have constituted felonies. In 1994, when defendant was charged in the present felony case, he was an adult. At trial, the court advised defendant in accordance with the literal requirements of *People v. Curtis, supra.* However, the court did not advise defendant that his two juvenile adjudications could not be used to impeach his credibility if he decided to testify at trial. Defendant waived his right to testify at trial.

At the outset, we note that defendant is correct in his assertion that a "Colorado juvenile adjudication is not a felony conviction and it may not be used to impeach an adult defendant in a criminal trial." *People v. Armand,* 873 P.2d 7, 10 (Colo.App.1993). However, we do not agree with defendant that that proposition inevitably leads to the conclusion that *Curtis* requires an affirmative advisement of the prohibition against such impeachment.

In *People v. Griffin,* 867 P.2d 27 (Colo. App.1993), a division of this court rejected a defendant's claim that the otherwise adequate *Curtis* advisement given at trial was deficient because the trial court did not inform the defendant that his prior juvenile adjudications could not be used to impeach his credibility if he elected to testify. The court in *Griffin* did not directly decide whether such an advisement was necessary under *Curtis.* Rather, the *Griffin* court concluded that, because the trial court had made a pre-trial ruling forbidding the prosecutor from impeaching defendant by means of his juvenile adjudications, defendant's advisement was sufficient under the circumstances.

This case cannot be decided in reliance upon *Griffin.* Unlike in *Griffin,* there is nothing in this record indicating that, at any point before or during the trial, the court ever discussed with defendant the prohibition against using juvenile adjudications for impeachment in an adult felony trial. Although the prosecution filed a pre-trial motion to introduce evidence of defendant's juvenile adjudications as similar transaction evidence, nothing in the record reveals whether that motion was ever ruled upon (and no evidence of the adjudications was introduced at trial).

Accordingly, the issue of first impression now before us is whether, as a matter of law, *Curtis* demands that a defendant in an adult felony trial be advised that, if he or she elects to testify, the prosecutor will not be able to use Colorado juvenile adjudications to impeach his or her credibility. We conclude that it does not.

The purpose of the *Curtis* advisement regarding impeachment is to guarantee that a defendant who decides to testify understands that a felony conviction *can* be used to impeach credibility. For that same reason, in those limited circumstances in which an adjudication can be used to impeach credibility in another adjudication proceeding, the court has an obligation to so advise the juvenile. *See* § 19–2–505(3)(d), C.R.S. (1996 Cum. Supp.) (in adjudication proceeding the juvenile must be advised that, if he or she has been adjudicated for a felony, the prosecutor will be allowed to use it to impeach his or her credibility if he or she testifies). However,

nothing in *Curtis* suggests that the court in an adult prosecution must provide the defendant with an exhaustive list of those things which *cannot* be used to impeach his or her testimony.

In the same way that *Curtis* presumes the defendant is able to distinguish between a felony conviction and a misdemeanor conviction without the necessity for elaboration by the trial court, so too should a defendant be able to differentiate between a felony conviction and a juvenile adjudication. Indeed, if this were not the case, the scope of the holding in *Curtis* would be expanded well beyond its design.

Such an understanding of *Curtis* would lead to a requirement that the defendant in *every* case be advised that, although his or her credibility could be impeached by means of a felony conviction, the prosecutor would not be allowed to use: felony deferred prosecutions, felony deferred judgments and sentences (once successfully completed), misdemeanor convictions, petty offense convictions, traffic convictions, traffic penalty assessments, contempt convictions, municipal convictions, deportation adjudications premised on commission of a felony, civil judgments based on claims dependent on proof of felonious intent (*e.g.*, Racketeer Influenced and Corrupt Organization Act (R.I.C.O.) suits), or income tax penalties based on an administrative finding of a felonious intent to defraud. Even this comprehensive list would not be enough. Absent a presumption that defendants understand the term "felony conviction," the *Curtis* advisement would be required to exclude every conceivable civil, criminal, or quasi-criminal action which a defendant might possibly confuse with a felony conviction.

Accordingly, we decline to expand *Curtis* into this speculative realm by creating an additional definitional requirement. Moreover, we are satisfied that sufficient protections already exist because, in resulting those cases in which a trial court affirmatively and erroneously informs a defendant that he has a prior felony conviction, the resulting conviction is subject to reversal. *See People v. Flores,* 902 P.2d 417 (Colo.App.1994) (despite adequate *Curtis* advisement, trial court com-

mitted reversible error by informing defendant that he was subject to impeachment by a prior felony conviction because defendant had actually received and completed a deferred judgment and sentence).

Judgment affirmed.

DAVIDSON and CASEBOLT, JJ., concur