**Tamara DELK and Sean Harlow, Plaintiffs–Appellees,**

v.

**CITY OF GRAND JUNCTION, Defendant–Appellant.**

**No. 97CA1015.**

Colorado Court of Appeals, Div. V.

May 14, 1998.

Stacy R. Carpenter, Grand Junction, for Plaintiffs–Appellees.

Young & Hockensmith, P.C., Earl G. Rhodes, Lauretta A. Martin Sullivan, Grand Junction; Daniel E. Wilson, City Attorney, Grand Junction, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, City of Grand Junction (City), appeals pursuant to § 24–10–108, C.R.S.1997,

from the trial court's denial of its motion to dismiss the complaint filed by plaintiffs, Tamara Delk and Sean Harlow. We reverse and remand with directions to enter judgment for the City.

According to the complaint, Sean Harlow was injured when he attempted to prevent a rolling trash dumpster from striking and damaging Tamara Delk's car. The dumpster was located on a restaurant's parking lot, but had been placed there by the City as part of its trash removal service.

Asserting that plaintiff's claims were barred by the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. 1997, the City moved to dismiss the complaint for lack of subject matter jurisdiction. Plaintiffs responded that the City's immunity had been waived under § 24–10–106(1)(f), C.R.S.1997, (operation and maintenance of a public sanitation facility) and that the dumpster constituted a dangerous condition as defined by § 24–10–103(1), C.R.S.1997. The trial court denied the City's motion to dismiss, concluding that its immunity had been waived under § 24–10–106(1)(f).

The City now contends the trial court erred in denying its motion to dismiss plaintiffs' complaint. We agree.

Generally, whether a claim falls within a statutory waiver of immunity is an issue of subject matter jurisdiction and may be determined by the trial court as trier of fact under C.R.C.P. 12(b)(1). *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995). The burden of proving subject matter jurisdiction is on the party bringing the action against the public entity. *Capra v. Tucker,* 857 P.2d 1346 (Colo.App.1993).

In determining whether a public entity's immunity has been waived, the trial court may conduct an evidentiary hearing and resolve disputed issues of fact. *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993). Appellate review of the trial court's determination is conducted under the highly deferential, clearly erroneous standard. *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.* However, if all relevant evidence has been presented to the trial court and the

underlying facts are undisputed, the issue is one of law. *Swieckowski v. City of Fort Collins,* 934 P.2d 1380 (Colo.1997); *Johnson v. Regional Transportation District,* 916 P.2d 619 (Colo.App.1995).

In *City & County of Denver v. Gallegos,* 916 P.2d 509 (Colo.1996), plaintiff was injured when he stepped on a loose water meter pit cover and fell into a meter pit located on private property. The supreme court analyzed whether the water meter pit constituted a "public water facility" for purposes of § 24–10–106(1)(f), because, under that statute, the City's immunity would be waived only if the meter pit were found to be a public facility.

The supreme court stated that the determinative factor in defining a public facility is whether the public facility is operated "for the benefit of the public." *City & County of Denver v. Gallegos, supra,* 916 P.2d at 511. Applying that test, it further concluded that, because the water meter pit benefited only the private property on which it was located, it was not operated for the benefit of the public.

 Similarly, here, the trash dumpster was located on the restaurant's property and was there for the restaurant's use. Although it was accessible to the public and the collec-tion of solid waste serves an important public interest, nevertheless, there is no indication the dumpster was intended for use by the general public. Because the dumpster benefited only the property on which it was located, we conclude that its mere accessibility to the public did not convert it into a public sanitation facility for which the City's immunity has been waived. *See* § 24–10–106(1)(f); *City & County of Denver v. Gallegos, supra.*

To the extent plaintiffs' brief contends in support of the judgment that the City's immunity also was waived under § 24–10–106(1)(e), C.R.S.1997 (dangerous condition of a public sanitation facility), we reject their contention for the same reason.

The order is reversed and the cause is remanded to the trial court with directions to dismiss plaintiffs' complaint and to enter judgment in favor of the City.

METZGER and KAPELKE, JJ., concur.