there is no reason to reduce the underlying judgment.

## V.

David A. Klibaner, Denver, for Plaintiff–Appellant.

Charles H. Richardson, City Attorney, Teresa Kinney, Assistant City Attorney, Julia A. Bannon, Assistant City Attorney, Aurora, for Defendant–Appellee.

**Augustus W. HORRELL, Plaintiff–Appellant,**

v.

**CITY OF AURORA, Defendant–Appellee.**

**No. 97CA0580.**

Colorado Court of Appeals, Div. I.

June 11, 1998.

Rehearing Denied July 30, 1998.*

Certiorari Granted April 19, 1999.

Opinion by Judge METZGER.

Plaintiff, Augustus W. Horrell, appeals the dismissal of his complaint against defendant, the City of Aurora. We affirm.

Plaintiff brought this action seeking compensation for injuries he allegedly sustained when he stepped on a loose cover plate and fell into a water meter pit that was owned, maintained, and operated by the City. Plaintiff alleged that City employees had negligently failed to lock the cover plate, replace an inner water meter cover, and warn of the dangers posed by an unlocked water meter cover.

Following discovery, the City filed a motion to dismiss under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), §24–10–101, et seq., C.R.S.1997. The City argued that plaintiff's complaint was barred under the GIA based on the holding in *City & County of Denver v. Gallegos*, 916 P.2d 509 (Colo.1996).

* Jones, J., would *GRANT*.

The trial court agreed with the City and dismissed plaintiff's complaint.

## I.

Plaintiff contends the trial court improperly applied *Gallegos, supra,* in determining that the water meter pit was not a public water facility for purposes of the GIA. We disagree.

The facts at issue in *Gallegos* are almost identical to those in this case. There, the plaintiff was injured when he stepped on a loose water meter pit cover and fell into the meter pit. The water meter pit was located on private property and, pursuant to Denver's operating rules, the landowner owned the water meter pit and was responsible for its maintenance.

The court noted that under §24–10–106(1)(f), C.R.S.1997, Denver's immunity was waived only if the water meter pit was a public water facility. Relying on the definition of the term "public facility" in §37–60–126(1)(b), C.R.S.1997, the court stated that the "determinative factor in defining a public facility is whether the facility is operated 'for the benefit of the public.'" *City & County of Denver v. Gallegos, supra,* 916 P.2d at 511. Accordingly, because each water meter pit benefited only the property on which it was located and was not operated for the benefit of the public, the court held that water meter pits found on private property were not public water facilities. Alternatively, the court held that Denver's immunity had not been waived under §24–10–106(1)(f).

Plaintiff argues that *Gallegos* is distinguishable because, under Denver's operating rules, the landowner both owns the water meter pit and is responsible for its maintenance. However, here according to plaintiff, the City both owns and maintains the water meter pits. In our view, even if true, this is a distinction without a difference.

As the *Gallegos* court noted: "For purposes of immunity waiver, ownership of the water meter pits is not dispositive." *City & County of Denver v. Gallegos, supra,* 916 P.2d at 512. Rather, the court held that the determinative factor was whether the water meter pit was operated for the benefit of the public.

Plaintiff also asserts that we are not bound by the *Gallegos* decision because its conclusion, that water meter pits located on private property are not public water facilities, is merely dictum. However, that was the main issue resolved by the court. Thus, we reject plaintiff's interpretation of *Gallegos.*

Therefore, we conclude that the trial court properly dismissed the complaint. *See also Delk v. City of Grand Junction,* 958 P.2d 532 (applying *Gallegos* rationale to restaurant trash dumpster).

## II.

Plaintiff also contends that the trial court's determination violates Colo. Const. art. XI, §2. However, since this argument is raised for the first time on appeal, it is not properly before us for review. *See Manka v. Martin,* 200 Colo. 260, 614 P.2d 875 (1980), *cert. denied,* 450 U.S. 913, 101 S.Ct. 1354, 67 L.Ed.2d 338 (1981).

The judgment is affirmed.

KAPELKE, J., concurs

JONES, J., dissents.

Judge JONES dissenting.

I respectfully dissent.

The trial court found a lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), §24–10–101, et seq., C.R.S.1997, and dismissed the complaint on that basis. The majority affirms that dismissal on the basis that *City & County of Denver v. Gallegos,* 916 P.2d 509 (Colo. 1996) [Gallegos] is controlling.

In my view, however, elements of the dissenting opinion in *Gallegos* apply here, and there are significant differences between this case and *Gallegos.* Accordingly, I would reverse the judgment.

In *Gallegos,* the Supreme court determined, based on the facts there, that the waiver of sovereign immunity *vis-à-vis* a "public water facility," as expressed in the GIA, does not encompass a privately owned and maintained water meter pit located on

private property in Denver. In so ruling, the court noted that: "[O]wnership of the water meter pits is not dispositive [as to the issue of immunity]." *City & County of Denver v. Gallegos, supra,* 916 P.2d at 512.

Nevertheless, in my view, the fact that, here, the water meter pit at issue is publicly owned, operated, and maintained, even if located on private property, is a critical distinction that I believe, renders *Gallegos* not controlling.

I consider the facts here as being closer to those in *Burnworth v. Adams County,* 826 P.2d 368 (Colo.App.1991). There, a division of this court determined that a storm drain that had been relocated onto a private landowner's property was a "public water facility."

The GIA provides that: "Sovereign immunity is waived by a public entity in an action for injuries resulting from: ... The operation and maintenance of any public water facility...." Section 24–10–106(1)(f), C.R.S. 1997.

Thus, the public entity in *Burnworth* was not immune from suit because its "public water facility," though located on private property, was operated and maintained by the public entity and was, therefore, seen as operating for the benefit of the entire public.

The *Gallegos* court spoke of significant differences in the *Burnworth* case that put it outside of the ambit of *Gallegos.* The court opined:

> *Burnworth* ... is distinguishable from the current case because it involved a storm drain that had been located onto a landowner's property. The storm drain in that case was both operated and maintained by a county.... Furthermore, despite its location on private property, the *storm drain* was operated for the benefit of the general public, and not just for the benefit of the property on which it was located. The location of the storm drain on private property thus did not alter its benefit to the public.

*City & County of Denver v. Gallegos, supra,* 916 P.2d at 511.

The elements that distinguish *Burnworth* from *Gallegos,* I believe, also distinguish

*Gallegos* from this case. Certainly, to the extent that an instrumentality on private property, owned, operated, and maintained by a public entity is determined to be a public water facility operated "for the benefit of the public," Section 37–60–126(1)(b), C.R.S.1997, as in *Burnworth,* such may also be a public facility operated for the benefit of the public here. In *Burnworth,* a major, though not dispositive, factor as to why the storm drain was held to be a public water facility is that it was owned, operated, and maintained by a public entity.

Such being the case, under similar circumstances of ownership and maintenance, a water meter pit that directs water onto private property may be a public water facility in the logical way that a drain that directs water off of private property is also a public water facility.

Thus, I would hold that it was error for the trial court to rule that the City here was immune from suit because the water meter pit is not a public facility operated for the benefit of the public.

Accordingly, I would reverse the judgment and remand the cause for further proceedings.