Shantell MONTOYA, Plaintiff–Appellee,

v.

CITY OF WESTMINSTER DEPART-
MENT OF PUBLIC WORKS,
Defendant–Appellant.

No. 07CA1061.

Colorado Court of Appeals,
Div. I.

March 6, 2008.

The Frickey Law Firm, Howard Flicker, Linda S. Kreusel, Lakewood, Colorado, for Plaintiff–Appellee.

Senter Goldfarb & Rice, L.L.C., Eric M. Ziporin, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

This is an interlocutory appeal under section 24–10–108, C.R.S.2007, of the Colorado Governmental Immunity Act (CGIA). Defendant, the City of Westminster Department of Public Works, appeals the trial court's order denying its motion to dismiss the complaint filed by plaintiff, Shantell Montoya. We affirm.

## I.  Background

Montoya was allegedly injured when she stepped into an open water meter pit while cleaning a parking lot. The meter pit was owned, operated, and maintained by the city.

Montoya alleged that the city failed to use reasonable care to remedy the dangerous condition created by the uncovered meter pit. The city moved to dismiss Montoya's complaint pursuant to C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction under the CGIA. The trial court denied the city's motion. It ruled that the city's sovereign immunity was statutorily waived under section 24–10–106(1)(f), C.R.S.2007, because Montoya's alleged injuries resulted from the operation and maintenance of a public water facility.

The city contends that the trial court erred in finding that the meter pit constituted a "public water facility" under the CGIA. For the following reasons, we disagree.

## II.  Discussion

The CGIA provides no immunity from suit in an action for injuries resulting from the "operation and maintenance of any public water facility." § 24–10–106(1)(f).

For many years, the CGIA did not define the term "public water facility." In the absence of a specific definition, the supreme court announced, in *City & County of Denver v. Gallegos*, 916 P.2d 509, 511 (Colo.1996), *overruled in part by Corsentino v. Cordova*, 4 P.3d 1082 (Colo.2000), that the "determinative factor ... is whether the facility is operated 'for the benefit of the public.'" Thereafter, the *Gallegos* definition was used to determine whether water meter pits are public water facilities. *See Wisdom v. City of Sterling*, 36 P.3d 106 (Colo.App.2001); *de-Boer v. Ute Water Conservancy Dist.*, 17 P.3d 187 (Colo.App.2000); *Horrell v. City of Aurora*, 976 P.2d 315 (Colo.App.1998).

In 2003, the CGIA was amended to include a specific definition of "public water facility." The term is now defined as follows:

> [S]tructures and related apparatus used in the collection, treatment, or distribution of water for domestic and other legal uses that is operated and maintained by a public entity. "Public water facility" does not include: A public sanitation facility; a natural watercourse even if dammed, channelized, or used for transporting domestic water supplies; a drainage, borrow, or irrigation ditch even if dammed, channelized, or containing storm water runoff or discharge; or a curb and gutter system.

§ 24–10–103(5.7), C.R.S.2007. Because "public water facility" is now clearly defined by the CGIA, we must apply the statute as written. *See In re 2000–2001 Dist. Grand Jury*, 97 P.3d 921, 924 (Colo.2004).

Applying the governing statutory definition, we conclude that Montoya's alleged injuries resulted from the operation and maintenance of a public water facility:

· The meter pit is a "structure[ ] and related apparatus used in the collection, treatment, or distribution of water for domestic and other legal uses." Contrary to the city's view, it does not matter whether a

water meter is a necessary feature of a water distribution system; it matters only that the structure or apparatus is used for the stated purposes.

· The meter pit is operated and maintained by a public entity. Contrary to the city's view, it does not matter whether the water meter provides a public benefit. The statute contains no such requirement.

Accordingly, we conclude that the CGIA does not present a jurisdictional bar to Montoya's suit.

Because our determination is limited to jurisdictional issues, we do not address the city's contentions regarding negligence or causation. Those matters are properly resolved by the trier of fact. *See Swieckowski v. City of Fort Collins,* 934 P.2d 1380, 1384 (Colo.1997).

The order is affirmed.

Judge MÁRQUEZ and Judge ROMÁN concur.