518 P.2d 296 (1973)
KEYSTONE INTERNATIONAL, INC., and Division of State Compensation Insurance Fund, Petitioners,
v.
Charles W. GALE, III, and Industrial Commission of Colorado, Respondents.
No. 73-299.
Colorado Court of Appeals, Div. I.
December 18, 1973.
Rehearing Denied January 8, 1974.
Certiorari Denied February 11, 1974.
*297 Francis L. Bury, Robert S. Ferguson, Denver, for petitioners.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., for respondent Industrial Commission of Colorado.
No appearance for respondent Charles W. Gale, III.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Keystone International, Inc., the employer, and its insurance carrier petition for review of an order of the Industrial Commission which awarded benefits to Charles Gale for injuries resulting from an accident which the commission found arose out of and in the course of his employment with Keystone. We affirm.
Petitioners assert that the referee failed to "make findings of fact which shall include all evidentiary and ultimate facts necessary to support" his award, in accordance with 1971 Perm.Supp., C.R.S.1963, 81-14-6, and that the commission failed to make findings as also required by that section of the statute. The record discloses that the only findings of the referee, which were approved and adopted by the commission, were that "claimant was injured in an accident arising out of and within the course of his employment . . . ." No supplemental findings were made. This failure normally would necessitate our remanding of the matter to the commission for further findings.
However, here the petitioners filed a petition for review requesting that the matter be referred to the commission, without further hearing or order by the referee, a procedure which is permitted under section 81-14-6. See Vieweg v. The B. F. Goodrich Co., 170 Colo. 71, 459 P.2d 759. The petition stated, "This request is made for the reason that it is believed to be unnecessary that a supplemental order be entered to make findings of fact or to make findings of evidentiary and ultimate facts necessary for the award as contemplated in C.R.S. `63, Sec. 81-14-6." The matter was reviewed by the commission as requested.
The only issue presented to the commission by the petition for review was that there was no evidence to support the finding that the accident arose out of and within the course of claimant's employment. Therefore no further findings were necessary, as admitted by the petitioners. The asserted omission is not available as a ground for reversal or remand. As was stated in Cypert v. Baker, 399 F.2d 927 (10th Cir.), "If there were error, it came about by the maneuvering of appellant's own counsel . . . . [T]he case is clearly within the doctrine that a party may not complain on appeal of errors which he induced or invited."
Petitioners here renew their assertion that there is no evidence to support the finding that claimant was injured in the course of his employment. The record discloses that Gale was a part-time ski instructor *298 who taught only when students were available. On the day of his injury, he had no classes and was practicing his skiing to prepare for an examination to be given by the National Ski Association. While so doing he broke his leg. The comptroller of the employer testified that the activity was conducted under the supervision of the Keystone ski school, and the co-director of the school advised the commission that, "This training is considered a job related function by the Ski School." This, and other evidence, amply supports the findings and orders of the referee and the commission. We are, therefore, bound by these findings. Tatum-Reese Development Corp. v. Industrial Commission, 30 Colo.App. 149, 490 P.2d 94.
The order is affirmed.
SMITH and RULAND, JJ., concur.