**The MORGAN COUNTY DEPARTMENT OF SOCIAL SERVICES, D.T. and E.A.T., by and through her guardian ad litem, Petitioners–Appellees,**

v.

**J.A.C., Respondent–Appellant.**

**No. 88CA1038.**

Colorado Court of Appeals, Division 3.

Oct. 19, 1989.

Rehearing Denied Nov. 24, 1989.

Certiorari Denied June 11, 1990.

Christina C. Bauer, Brush, for petitioner-appellee Morgan County Dept. of Social Services.

Brandenburg & Schultz, Helena Schultz, Brush, for petitioner-appellee D.T.

Allen Kincaid & Associates, Robert A. Milano, Brush, for petitioner-appellee E.A.T.

Dixon and Snow, P.C., Rod W. Snow and Steven Janiszewski, Denver, for respondent-appellant.

Opinion by Judge STERNBERG.

The respondent, J.A.C., appeals from a judgment entered after a four-day jury trial. Based upon evidence of all experts, including respondent's, that the probabilities that he was the father exceeded 99.91%, the jury found him to be the father of the child, E.A.T. The appeal is before us on C.R.C.P. 54(b) certification as matters of support and visitation remain to be determined. The sole issue presented is whether the trial court committed reversible error in allowing the guardian ad litem two peremptory challenges in addition to the four challenges allocated jointly to the Department of Social Services and the mother, D.T. We conclude that the court erred in this regard, but hold that the error was invited and therefore affirm.

■ *Blades v. DaFoe*, 704 P.2d 317 (Colo.1985) directly supports respondent's contention that additional peremptory challenges should not have been given to the guardian ad litem. There, the supreme court held that:

> "[T]he rule in Colorado is that multiple litigants, designated as co-plaintiffs or co-defendants are together entitled to only one set of peremptory challenges, regardless of whether their interests are essentially common or generally antagonistic."

The court further ruled that an improper allocation of peremptory challenges is reversible error even in the absence of a showing of actual prejudice.

C.R.C.P. 47(h), which is applicable here, allows four peremptory challenges per side. At the pre-trial conference "in order to put the case in its proper posture for future proceedings," the court "aligned" the child and the guardian ad litem with the other petitioners. *See* § 19–4–110, C.R.S. (1988 Cum.Supp.). At the pre-trial conference, without objection from respondent, the court indicated its intention to give two peremptory challenges to the guardian ad litem.

Also, two other respondents had been joined because respondent contended that they could have fathered the child. By agreement of all counsel, each of the three putative fathers was to be allowed four peremptory challenges. Apparently as a result of negative results in genetic tests, the other respondents were dismissed prior to trial.

Just prior to the commencement of *voir dire*, changing his position, respondent's counsel objected to the method of allocation of peremptory challenges he had agreed to at the pre-trial conference. In making this objection, however, counsel did not cite *Blades v. DaFoe*. It was only after the jury had returned its verdict, in support of his motion for new trial, that counsel cited to *Blades v. DaFoe*.

The court denied the motion for new trial concluding that the error, if any, was invited. Based upon the wording of counsel's argument made prior to *voir dire*, the court found that counsel knew of but did not cite *Blades v. Dafoe*. Indeed, counsel conceded at oral argument in this court that he knew of that case when he made the objection.

At oral argument before this court, it became apparent that counsel's objective in not informing the trial court that the supreme court had decided the issue in a recent case was to ensure that a second trial could be secured if the first were lost. We were also informed that at the second trial a different expert than the one called by respondent in this trial would be used to question the validity of the genetic testing employed to prove the probability of paternity, and that, in any event, there was always the possibility of settlement on remand.

In support of these trial tactics, respondent's counsel correctly notes that the Code of Professional Responsibility DR 7–106(B)(1), by its narrow language, requires only that legal authority directly adverse to the counsel's position need be disclosed. In our view, however, respondent's counsel's failure to inform the court of *Blades v. DaFoe* at the time of the original objection smacks of chicanery that violates the spirit, if not the letter, of the Code of Professional Responsibility. *Cf.* DR 1–102(A)(5) ("A lawyer shall not: ... engage in conduct that is detrimental to the administration of justice.").

This case demonstrates the tension between two competing obligations of an attorney. On the one hand he must "zealously" represent his client. DR 7–101. On the other, as an officer of the court, he has obligations to the judicial system. Under the circumstances present here we conclude that the latter obligation must prevail. Thus, we do not consider *Blades v. DaFoe* to mandate reversal. To reverse a case such as this would mean that we countenance counsel's "sandbagging" the trial court into making an erroneous ruling by withholding the citation of a case that would otherwise be determinative. We

cannot encourage such conduct and its attendant waste of judicial resources. Respondent's counsel urged the court to award additional peremptory challenges when there were other putative fathers in the case. He did not object at the pre-trial conference to awarding two challenges to the guardian ad litem. And, he presented a very weak objection—"for the record"—against the award of challenges when he had available strong case authority that likely would have caused the trial court to avoid error had it been cited.

Under these circumstances, we agree with the trial court that the error concerning allocation of additional challenges to the guardian ad litem was invited error. Under this doctrine, "a party may not complain where he has been the instrument for injecting error in the case [or as to] error injected by the defendant as a matter of trial strategy." *People v. Collins*, 730 P.2d 293 (Colo.1986); *see also People v. Zapata*, 779 P.2d 1307 (Colo.1989); and *Keystone International, Inc. v. Gale*, 33 Colo.App. 216, 518 P.2d 296 (1973). Accordingly, reversal of the judgment will not be ordered.

The judgment is affirmed.

METZGER and MARQUEZ, JJ., concur.