**Betty ALLEN, as Personal Representative of the Estate of Edith Ann Mueller, Deceased; Evelyn Williams and Russell E. Mueller, surviving parents of Edith Ann Mueller; Robert Pettus, Surviving Parent of Natasha Pettus, Deceased; Pia Piro; Dora Esquibel; Cathy Burke; and Wendy Guttenberg, Plaintiffs–Appellants,**

**v.**

**The CITY OF BOULDER HOUSING AUTHORITY, Defendant–Appellee.**

**No. 92CA0801.**

Colorado Court of Appeals, Div. II.

April 8, 1993.

Aronson & Stanard, Roger H. Aronson, Dana J. Petersen, Denver, for plaintiffs-appellants Betty Allen, Evelyn Williams, Russell E. Mueller and Robert Pettus.

Michael D. Brown, Arvada, for plaintiffs-appellants Pia Piro, Dora Esquibel, Cathy Burke and Wendy Guttenberg.

Greengard Senter Goldfarb & Rice, Thomas S. Rice, Peter H. Doherty, Denver, for defendant-appellee.

Opinion by Judge SMITH *.

In this negligence action for wrongful death, plaintiffs, Betty Allen, as Personal Representative of the Estate of Edith Ann Mueller, deceased; Evelyn Williams and Russell E. Mueller, surviving parents of Edith Ann Mueller; Robert Pettus, surviving parent of Natasha Pettus, deceased; Pia Piro; Dora Esquibel; Cathy Burke; and Wendy Guttenberg, appeal from the summary judgment which dismissed their claims against defendant, City of Boulder Housing Authority, on the basis of sovereign immunity. We affirm.

This action arose as a result of a fire started in December 1989 by a tenant in a Boulder condominium complex. Plaintiffs' decedents were killed in the fire. The amended complaint alleged, in pertinent part, that plaintiffs' injuries were caused by the housing authority's failure to supervise or evict the tenant.

Defendant filed an answer in which it asserted sovereign immunity as an affirmative defense. It also filed a motion for summary judgment in which it asserted that the cause of the alleged injuries was not among those for which immunity had been waived pursuant to § 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A). Attached to the motion was a copy of a certificate from defendant's commissioners confirming that the housing authority had been created pursuant to the Colorado Housing Authorities Law, § 29–4–201, et seq., C.R.S. (1986 Repl.Vol. 12A).

Plaintiffs filed a response to the motion, asserting that the housing authority was not entitled to immunity because it was not a "public entity" within the meaning of the Colorado Governmental Immunity Act, § 24–10–103(5), C.R.S. (1988 Repl.Vol. 10A). Alternatively, plaintiffs asserted that the housing authority's immunity had been waived pursuant to the statutory exception for a dangerous condition of a public building.

Defendant filed a reply, to which it attached plaintiffs' notices of claim against the housing authority pursuant to the Colorado Governmental Immunity Act.

The trial court determined that defendant was an agency or instrumentality of the state, organized pursuant to state law, and was therefore a public entity protected by statutory immunity. It further determined that the condominium complex was privately owned and operated and was not a public building. Accordingly, the trial court granted defendant's motion for summary judgment, and the order was made a final judgment pursuant to C.R.C.P. 54(b).

■ Plaintiffs' sole contention on appeal is that the trial court erred in concluding that the housing authority was a "public entity" within the meaning of the Colorado Governmental Immunity Act. We disagree.

■ In construing a statute, a court's primary task is to give effect to the legislative purpose underlying the enactment, and the General Assembly's intent should be determined by first looking to the ordinary and plain meaning of the statutory language used. *Climax & Molybdenum Co. v. Walter*, 812 P.2d 1168 (Colo.1991). Further, a court need not proceed with its inquiry when the language of the statute is clear. *City of Lamar v. Lamar Police Department*, —— P.2d —— (Colo.App. No. 91CA1483, December 3, 1992).

At the time plaintiffs' claims arose, the Colorado Governmental Immunity Act defined "public entity" as "the state, county, city and county, incorporated city or town, school district, special improvement district, *and every other kind of district, agency, instrumentality, or political subdivision of the state organized pursuant to law.*" Section 24–10–103(5), C.R.S. (1988 Repl.Vol. 10A) (emphasis supplied).

Section 29–4–203(1), C.R.S. (1986 Repl. Vol. 12A) defines "housing authority" as "a corporate body organized in accordance with the provisions of this part." Plaintiffs do not dispute that the housing au-

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

thority was created and organized pursuant to the Housing Authorities Law, § 29-4-201, et seq., C.R.S. (1986 Repl.Vol. 12A). Further, § 29-4-209(1), C.R.S. (1986 Repl. Vol. 12A) of this act provides that a housing authority "shall constitute a body both corporate and politic, exercising public powers and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this part." Finally, § 29-4-708(1)(a), C.R.S. (1986 Repl. Vol. 12A) provides that, in addition to any other powers granted to the authority, *the authority shall "have the* duties, privileges, *immunities,* rights, liabilities, and disabilities *of a body corporate and political subdivision of the state."* (emphasis supplied)

Accordingly, contrary to plaintiffs' claims, we agree with the district court that the housing authority was a "public entity" within the plain and ordinary meaning of the Governmental Immunity Act.

Judgment affirmed.

TURSI and HUME, JJ., concur.