**DALCO INDUSTRIES, INC. and Colorado Compensation Insurance Authority, Petitioners,**

**v.**

**Edward GARCIA and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 93CA0152.**

Colorado Court of Appeals, Div. II.

Nov. 4, 1993.

Rehearing Denied Dec. 16, 1993.

Carolyn A. Boyd, Denver, for petitioners.

Steven H. Gurwin, Denver, for respondent Edward Garcia.

No appearance for respondent Industrial Claim Appeals Office.

Opinion by Judge TAUBMAN.

Petitioners, Dalco Industries, Inc., and Colorado Compensation Insurance Authority, seek review of an order of the Industrial Claim Appeals Panel, imposing a penalty for the petitioners' failure timely to admit or deny liability. We affirm.

Respondent Edward Garcia (claimant) sustained an industrial injury to his knee in January 1987. Under the provision now codified as § 8-43-203, C.R.S. (1993 Cum. Supp.), the petitioner-insurer was required to file an admission or denial of liability within 25 days after notice or knowledge that the claimant was disabled for three days or more.

The parties stipulated that the petitioner-insurer had notice on February 5, 1987, that the claimant had been disabled three days or more by his injury. The insurer was thus required to file an admission or denial of liability on or before March 2, 1987. The Administrative Law Judge (ALJ) found that the insurer's admission of liability was not filed until September 16, 1988, and accordingly, imposed a penalty from March 3, 1987, until September 16, 1988. The Panel affirmed.

I.

Petitioners initially argue that the case was closed by virtue of the claimant's failure to contest a final admission of liability. They contend that unless the case was reopened pursuant to § 8-43-303, C.R.S. (1993 Cum. Supp.), the ALJ lacked jurisdiction to impose a penalty. We disagree.

The pertinent statute here is § 8-43-203(2), C.R.S. (1993 Cum.Supp.). It provides that when a final admission of liability is not contested within 60 days, the case is "automatically closed *as to the issues admitted* in the final admission." (emphasis added) The statute further provides that the "issues closed" under this provision must be reopened pursuant to § 8-43-303.

When a statute specifies a particular application in a specific instance, it is ordinarily to be construed as excluding from its operation all other situations not specified. *In re Marriage of Van Inwegen,* 757 P.2d 1118 (Colo.App.1988). Therefore, by necessary implication, we conclude that § 8–43–203(2) provides for continuing jurisdiction over any issue not specifically addressed in a non-contested final admission of liability.

The petitioners' final admission of liability was limited to an admission for temporary and permanent partial disability benefits. Therefore, the issue of penalties was not "automatically closed" and the ALJ retained jurisdiction to decide this issue. *See Johnson v. McDonald,* 697 P.2d 810 (Colo. App.1985) (decided under former statute); *see generally* 3 A. Larson, *Workmen's Compensation Law* § 81.53 (1993); Cain, *Brown & Root: When an ALJ's Order is an 'Award,'* 22 Colo.Law. 1927 (September 1993).

*Brown & Root, Inc. v. Industrial Claim Appeals Office,* 833 P.2d 780 (Colo.App.1991), on which the petitioners rely, is distinguishable. *Brown & Root* involved the finality of an adjudicatory award, as contrasted with an admission of liability, and therefore, the court there was not required to consider the specific statutory language under § 8–43–203(2) which we find to be dispositive.

Additionally, we note that the court in *Brown & Root* recognized that an ALJ can specifically retain continuing jurisdiction over a claim when an adjudicatory award is made. Section 8–43–203(2) achieves a comparable result for awards based on admissions by providing for automatic closure only "as to the issues admitted in the final admission." We further note that this construction is consistent with the traditional rule in workers' compensation cases that the goal of achieving a just result is more important than the interest of the litigants in obtaining a final resolution of the dispute. *See Loffland Brothers Co. v. Industrial Claim Appeals Panel,* 770 P.2d 1221 (Colo.1989).

We also reject the petitioners' suggestion that the present version of the statute is not applicable since the amendment became law effective July 1, 1988, subsequent to the claimant's 1987 injury. *See* Colo.Sess.Laws 1988, ch. 50 at 385–86, 388.

The requirements governing closure of cases are procedural in nature, and if, as here, the General Assembly has not specified otherwise, a change in procedural law is applicable to pending claims. *See Raisch v. Industrial Commission,* 690 P.2d 1290 (Colo. App.1984); *see also Kardoley v. Colorado State Personnel Board,* 742 P.2d 934 (Colo. App.1987). Therefore, the Panel correctly ruled that the final admission in this case, filed in September 1988, was subject to this statutory provision.

II.

Petitioners next argue that the Panel erred in affirming the ALJ's determination that an admission of liability was not mailed to the Division of Workers' Compensation until September 16, 1988. Again, we perceive no error.

The petitioners' counsel elected to seek a resolution of this issue based solely on the filings in the administrative record. The record, however, contained several admissions of liability with different dates and conflicting notations as to when such admissions were filed with the Division or sent to the claimant. The admissions purportedly mailed in 1987 also contain a *second* certificate of mailing indicating that the documents were not mailed until September 16, 1988. On this record, the ALJ could reasonably credit the date shown on the second certificate over the earlier date.

Notwithstanding the ALJ's acknowledgment of disarray in the Division's filing of documents, the petitioners cannot complain of a confusion in the administrative record that is caused in part by their own contradictory certificates of mailing. *See Morgan County Department of Social Services v. J.A.C.,* 791 P.2d 1157 (Colo.App.1989) (party cannot complain on appeal of invited error).

Finally, inasmuch as the ALJ found that the admission of liability was not timely filed with the Division of Workers' Compensation, this case is controlled by *Smith v. Myron Stratton Home,* 676 P.2d 1196 (Colo.1984), which held that the penalty is mandatory

when notice is not provided as required by statute.

*Public Service Co. v. Boatwright,* 749 P.2d 456 (Colo.App.1987), relied on by petitioners, is distinguishable, since there a panel of this court concluded that the Division had received proper notice admitting liability and that the claimant had been constructively notified. Such is not the case here.

Order affirmed.

TURSI and NEY, JJ., concur.