STATE of Colorado, acting by and on Behalf of the University of Northern Colorado, Plaintiff–Appellant and Cross–Appellee,

v.

Jerry ZAHOUREK, individually and d/b/a Elkhorn Lodge; Associated Property Consultants, Inc.; Dean Graham individually and d/b/a Elkhorn Stables, Inc., Defendants–Appellees and Cross–Appellants.

Nos. 94CA0418, 94CA0794.

Colorado Court of Appeals, Div. III.

July 11, 1996.

Rehearing Denied Aug. 22, 1996.

Certiorari Granted April 14, 1997.

Gale A. Norton, Attorney General, Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, William R. Thro, Assistant Attorney General, Robin R. Rossenfeld, Assistant Attorney General, Jack M. Wesoky, Assistant Attorney General, Denver, for Plaintiff–Appellant and Cross–Appellee

Clark S. Spalsbury, Jr., Estes Park, for Defendants–Appellees and Cross–Appellants

Opinion by Judge KAPELKE.

This is an action for damages and injunctive relief based on an alleged trespass. Plaintiff, the State of Colorado (the State), acting on behalf of the University of Northern Colorado (UNC), appeals from the trial court's denial of its request for a permanent injunction to prevent defendants, Jerry Zahourek, individually and d/b/a Elkhorn Lodge and Associated Property Consultants, Inc., and Dean Graham, individually and d/b/a Elkhorn Stables, Inc., from crossing certain land owned by UNC adjacent to Rocky Mountain National Park. The State also challenges the trial court's determination that a public highway exists across the UNC land. In their cross-appeal, defendants contend that the trial court erred in dismissing their counterclaims and in not allowing them to amend in order to assert additional counterclaims. We affirm in part and vacate in part.

Defendant Zahourek owns Elkhorn Lodge which borders the property owned by UNC. Defendant Graham owned and operated Elkhorn Stables, which offered horseback riding tours of the national park from Elkhorn Lodge. In conducting such tours, Graham frequently crossed UNC's property using the established trails.

The trails at issue had been used by Elkhorn Lodge and the public for horseback

riding, hiking, and access to the Park since the 1870's or 1880's. In 1908, the property was withdrawn from the public domain and transferred to the United States Forest Service subject to "prior valid adverse claims." UNC acquired the property from the United States by quitclaim deed in 1956, subject to all easements "now existing on the premises."

The State filed this action against Graham and Elkhorn Stables in August of 1991, alleging trespass and seeking damages and injunctive relief. The trial court entered a preliminary injunction in October 1991 prohibiting Graham from crossing the UNC land. Graham consented to the injunction in exchange for the State's voluntary dismissal of its damages claim against him.

In November 1991, the State amended its complaint to add claims against defendant Zahourek, and in April 1992, the court entered a preliminary injunction restraining Zahourek, Associated Property Consultants, and Elkhorn Lodge from crossing the UNC land.

In July 1992, the court dismissed Zahourek's counterclaims for failure to give proper notice pursuant to § 24–10–109, C.R.S. (1988 Repl.Vol. 10A), of the Governmental Immunity Act (GIA). After serving a notice on plaintiff in August 1992, Zahourek reasserted the counterclaims.

A trial to the court was held on the State's request for a permanent injunction in June of 1993. The court denied the request, finding that there was no trespass because there existed a "public highway" across the UNC property pursuant to former 43 U.S.C. § 932 (1970), and § 43–1–202, C.R.S. (1993 Repl. Vol. 17). At a later hearing, the trial court supplemented its previous order by further describing the trails at issue. However, the court's order did not provide a metes and bounds description.

In December 1993, defendant Graham served notice of potential claim on the State. Thereafter, he filed a motion to amend his answer and assert counterclaims. Defendant Zahourek also filed a motion to amend to assert additional counterclaims. The court dismissed Zahourek's counterclaims, but did not rule on the motions to amend. This appeal followed.

## I.

■ Plaintiff first contends that the trial court lacked jurisdiction to declare the existence of a public highway because, in so doing, the court was necessarily determining land rights of the United States. We disagree.

Here, the trial court found that the trails crossing plaintiff's property constituted a public highway pursuant to 43 U.S.C. § 932 and § 43–1–202. The referenced federal statute, which was repealed in 1976, stated: "The right of way for the construction of highways over public land, not reserved for public uses, is hereby granted."

Under 28 U.S.C. § 1346(f) (1994), the federal district courts have exclusive original jurisdiction in quiet title actions in which the United States is claiming an interest in land. However, in this proceeding, the court did not determine the right of the United States in land. The United States was not a party to this action and was not claiming any interest in the State's property. Also, the action was not one to quiet title, but rather for an injunction and damages for trespass. The issue in the case was simply whether defendants had a right to cross the UNC land.

We therefore conclude that the trial court had jurisdiction.

We also reject defendant's assertion that the trial court effectively determined that the United States had a duty to maintain the highway. The court did not in any way address or determine whose obligation it was to maintain the trails in question. Nothing in the court's ruling can be viewed as an adjudication of rights or obligations of the United States.

## II.

■ The State next contends that the trial court erred in declaring the existence of a public highway without providing a precise metes and bounds description of such highway. Under the circumstances here, we disagree.

As noted, this was an action for damages and an injunction based on trespass, not a quiet title action. Because the court ultimately concluded that there was a public highway across the UNC land, it declined to enjoin defendants. Under such circumstances, the situation here is distinguishable from that in *Isenberg v. Woitchek*, 144 Colo. 394, 356 P.2d 904 (1960), relied upon by the State, in which our supreme court held that the description of an easement in a quiet title decree must be definite and certain. *See also DeReus v. Peck*, 114 Colo. 107, 162 P.2d 404 (1945).

■ For the purpose of determining whether the State had established a trespass claim against defendants and a right to injunctive relief, no further description was required. Moreover, although the court requested that the parties prepare proposed orders identifying the trails at issue, the State submitted a survey of the horse trail only. This survey was incorporated into the court's final order along with a description. provided by defendants of various trails and roadways.

Because the State failed to provide a more accurate description of the other trails and roadways, any error in the court's failure to determine the precise metes and bounds of the highway would have been invited. Accordingly, we find no basis for reversal. *See Keystone International, Inc. v. Gale*, 33 Colo. App. 216, 518 P.2d 296 (1973).

## III.

In their cross-appeal, defendants contend that the trial court erred in dismissing certain counterclaims. We disagree.

Defendants argue that they attempted to assert counterclaims based on an inverse condemnation theory and that such claims are not barred by the governmental immunity defense. Our review of the record reveals that, in fact, none of defendants' proposed counterclaims was based on this theory. We therefore need not address this contention.

With respect to defendants' other claims, § 24–10–108, C.R.S. (1988 Repl.Vol. 10A) provides that, unless it is waived, sovereign immunity is a bar to any action against a "public entity" for an injury which lies in tort or could lie in tort. Section 24–10–109 requires that a person claiming to have suffered an injury notify a public entity of the claim within 180 days of the date of the discovery of the injury, regardless of whether all the elements of such a claim are present.

In its February 15th, 1994, order, the court dismissed Zahourek's counterclaims for wrongful injunction and for wrongful blocking of a highway in violation of § 43–5–305, C.R.S. (1993 Repl.Vol. 17), based on Zahourek's failure to give proper notice under the GIA. The court also found that the claims were barred because there had been no waiver of governmental immunity. Defendants do not contend that there was such a waiver.

Defendants do contend, however, that the dismissal was error because their claims were not tortious in nature and because the Board is not protected under the GIA. We are not persuaded.

■ A party claiming to have been wrongfully enjoined may generally not recover damages in excess of the amount of the bond. However, a party who has wrongfully obtained an injunction may later be personally liable for resulting damages in excess of the amount of bond based on a claim for wrongful prosecution, restitution, or unjust enrichment. *See* 1 D. Dobbs, *Law of Remedies* 2.11(3) (2d ed.1993); 12 D. Knapp, *Colorado Practice* 65.5 (1996).

■ Here, the State, pursuant to C.R.C.P. 65(c), was not required to and did not file a bond in connection with the preliminary injunction it obtained. Further, defendants' claim is not premised on allegations of restitution or unjust enrichment.

To the extent that defendants' claim could be viewed as one based on malicious prosecution, it would sound in tort and therefore be barred by the GIA. We thus find no error in the trial court's dismissal of defendants' counterclaims relating to the alleged wrongful entry of the preliminary injunction.

■ We also reject defendants' assertion that a claim for the wrongful blocking of a highway does not lie in tort because it is a

statutory violation. *See State Personnel Board v. Lloyd,* 752 P.2d 559 (Colo.1988) (provisions of the GIA apply to all actions which could lie in tort, regardless of whether they were recognized at common law or created by statute).

■ We also disagree with the assertion that the Board is not protected under the provisions of the GIA.

The bar created by the GIA is as to suits against "public entities." *See* § 24–10–108. At the time this suit was brought, a "public entity" was defined as:

[T]he state, county city and county, incorporated city or town, school district, special improvement district, *and every other kind of district, agency, instrumentality, or political subdivision of the state organized pursuant to law.*

Section 24–10–103(5), C.R.S. (1988 Repl.Vol. 10A) (emphasis added). A state university is a "public entity" within the meaning of the GIA. *Uberoi v. University of Colorado,* 713 P.2d 894 (Colo.1986).

In creating the Board, the General Assembly stated:

The board created ... shall be and is hereby declared to be a body corporate and, as such ... may hold property for use of the university which it governs, be a party to all suits and contracts, and do all things lawfully appertaining to such university in like manner as municipal corporations of this state.

Section 23–40–104, C.R.S. (1995 Repl.Vol. 9).

Based on this latter statutory language, we conclude that the Board is a "district, agency, instrumentality, or subdivision of the state." *See Allen v. City of Boulder Housing Authority,* 852 P.2d 1335 (Colo.App.1993) (housing authority defined as a corporate body was a "public entity" for purposes of the GIA).

Because we have concluded that defendants' counterclaims were barred by the GIA, we need not address whether defendants gave timely notice of their claims pursuant to § 24–10–109. We thus perceive no error in the trial court's dismissal of the counterclaims.

IV.

Defendants next contend in their cross-appeal that the trial court erred in refusing to allow them to amend their answers to add certain counterclaims. We disagree.

Our review of the record reveals that the trial court did not rule on Graham's January 14, 1994, motion to amend his answer, or on Zahourek's January 20, 1994, motion to amend.

In his proposed amended answer, Graham asserted a counterclaim based on the entry of an allegedly wrongful injunction and another counterclaim, under 42 U.S.C. § 1983 (1988), based on an alleged violation of his federal statutory rights. Zahourek's proposed amendment would have added counterclaims based on an alleged conspiracy, malicious prosecution, and violation of rights under § 1983.

■ We conclude that, by consenting to its entry, Graham waived any claim for damages for a wrongful preliminary injunction. Therefore, this proposed amendment would have been futile. *See Deason v. Lewis,* 706 P.2d 1283 (Colo.App.1985) (having consented to dismissal of complaint with prejudice as to certain defendants, plaintiff could not challenge judgment on appeal). Similarly, because Zahourek's counterclaims based on alleged conspiracy and malicious prosecution would lie in tort and therefore be barred by the GIA, *see* § 24–10–108, his proposed amendment to add these claims was also futile.

■ The State contends that defendants' counterclaims for damages under § 1983 are also barred because UNC is not a "person" within the meaning of § 1983. We agree.

In *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court held that neither a state nor its officials acting in their official capacities are "persons" under § 1983.

Before the Supreme Court's decision in *Will,* our supreme court had ruled in *Uberoi v. University of Colorado, supra,* that a state university *is* a "person" within the meaning

of § 1983 and could therefore be sued for damages under that provision.

In *Will*, the Supreme Court cited the *Uberoi* opinion as one supporting the view that a State is a "person" under § 1983. The Court rejected that view, however, and held to the contrary. Accordingly, it would appear that, by implication, the United States Supreme Court's ruling in *Will* has superseded or overruled this aspect of the *Uberoi* holding.

We therefore conclude that, because UNC is an instrumentality of the State, a § 1983 claim will not lie against it or its board of trustees. The proposed amendment to add counterclaims under § 1983 would therefore be futile.

## V.

Finally, defendants contend that the trial court erred in finding that the horse trail was only four feet wide. We agree that this finding should be vacated.

In its proposed order identifying the trails constituting the public highway, plaintiff provided that the width of the horse trail was six feet. Defendant Zahourek, in his proposed order, did not suggest a particular width, although he stated that Elkhorn Stables supported the establishment of a relatively narrow trail. Thereafter, the court determined the trail to be four feet wide. Because there appears to be no record support for this finding, we conclude that this portion of the judgment must be vacated. A remand is not necessary in this regard in light of our conclusion that a precise description of the trails is not necessary to the decision in this trespass action.

That portion of the judgment declaring the horse trail to be four feet wide is vacated. In all other respects, the judgment is affirmed.

HUME and CRISWELL, JJ., concur.