**CIBOLA CONSTRUCTION and Colorado Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and David D. Cash, Respondents.**

**No. 98CA0815.**

Colorado Court of Appeals, Div. III.

Nov. 13, 1998.

Rehearing Denied Dec. 17, 1998.

Curt Kriksciun, Colorado Compensation Insurance Authority, Denver, Colorado, for Petitioners

No Appearance for Respondent Industrial Claim Appeals Office

Alexander & Ricci, LLC, William A. Alexander, Jr., Colorado Springs, Colorado, for Respondent David D. Cash

Opinion by Judge RULAND.

In this workers' compensation proceeding, petitioners, Cibola Construction (employer) and its insurer, the Colorado Compensation Insurance Authority, seek review of a final order of the Industrial Claim Appeals Office (Panel). In that order, petitioners were directed to pay permanent partial disability (PPD) benefits to David D. Cash (claimant) in the full amount stated in the final admission of liability. We affirm.

Claimant suffered an admitted industrial injury in 1993 for which he received an 11% whole person impairment rating and a corresponding award of $25,869.84 in PPD benefits. Claimant's condition later worsened requiring additional surgery in 1996.

Employer voluntarily reopened the claim. Employer also filed a general admission of liability notifying claimant of its intent to apply the permanent disability benefits already paid against any future award of permanent benefits.

After reaching maximum medical improvement (MMI) for his worsened condition, claimant underwent an independent medical examination by a division-appointed physician. He received a whole-person impairment rating of 16%.

On September 6, 1996, employer filed a final admission of liability for PPD benefits in the amount of $36,568.90. That sum was equal to the full recovery for a 16% physical impairment. The final admission recited that:

[A] determination has been made of the amount of benefits to be paid in this case. Benefits have been or will be paid in the amount shown below [$36,568.90].

Notwithstanding the quoted provision of the final admission, employer paid claimant only $8,222.10. Claimant then retained counsel and, on December 6, 1996, filed an objection to the admission and a petition to reopen his claim.

In his objection, claimant acknowledged that his claim closed on November 11, 1996, 60 days after employer filed the final admission. However, he contended that he was not made aware that he would be receiving less than the listed amount of PPD benefits until after that date. Employer responded that it owed claimant only $8,222.10 representing the difference between the earlier award and the total amount of benefits due.

Following a hearing, the Administrative Law Judge (ALJ) found that employer had the legal right to take credit for the permanent disability benefits previously paid. The ALJ also observed that employer put claimant on notice in the general admission of liability that it intended to take a credit for the prior award. The ALJ held that any error or mistake associated with the final admission was a consequence of claimant's confusion and was not sufficient to warrant reopening of the claim. Accordingly, the ALJ denied and dismissed claimant's petition to reopen.

On review to the Panel, claimant argued, among other things, that the ALJ had erred in refusing to enforce employer's admission. The Panel agreed, holding that the final admission was legally insufficient to reserve the claimed credit for the previously paid PPD benefits. Because of this ruling, the Panel did not consider whether claimant had established adequate grounds to warrant a reopening of his claim.

I.

■ Initially, we reject employer's claim that the only issue properly presented to the Panel was whether the ALJ had abused her discretion in refusing to reopen the claim.

Generally, an uncontested final admission of liability automatically closes a case as to the issues addressed in that document and the case must be reopened pursuant to §8–43–303, C.R.S.1998, for further consideration of those issues. See §§8–43–203(2)(b) and 8–43–203(2)(d), C.R.S.1998; *Lewis v. Scientific Supply Co.*, 897 P.2d 905 (Colo.App.1995). However, to the extent the issue here concerns the enforcement of the final admission

as filed, we conclude that the ALJ had authority to conduct a hearing under §8–43–203(2)(d) much the same as if a request for penalties had been made. *See Dalco Industries, Inc. v. Garcia,* 867 P.2d 156 (Colo.App. 1993)(an ALJ retains jurisdiction to impose penalties when an uncontested final admission specifically addresses only the disability benefits to be paid). And, claimant specifically asserted alternative legal arguments in his petition for review, including a request that the final admission be enforced as filed.

Consequently, since the ALJ's order results in a denial of certain claimed benefits to claimant, we conclude that it falls within the purview of the Panel's authority to review final orders. *See* §8–43–301(2), C.R.S.1998.

### II.

Employer further contends that the Panel erred in enforcing the final admission without application of the claimed credit. We disagree.

Section 8–43–203(2)(b) provides, in pertinent part:

(I) If the employer or, if insured, the employer's insurance carrier admits liability, such notice shall specify the amount of compensation to be paid, to whom compensation will be paid, the period for which compensation will be paid, and the disability for which compensation will be paid, and payment thereon shall be made immediately.

(II) An admission of liability for final payment of compensation shall include a statement that this is the final admission by the workers' compensation insurance carrier in the case, that the claimant may contest this admission if the claimant feels entitled to more compensation, . . . and notice to the claimant that the case will be automatically closed as to the issues admitted in the final admission if the claimant does not . . . contest the final admission in writing and request a hearing on any disputed issues that are ripe for hearing. . . .

The provisions concerning the final admission of liability are part of a statutory scheme to promote, encourage, and ensure prompt payment of compensation to an in-

jured worker without the necessity of a formal administrative determination in cases not presenting a legitimate controversy. Other provisions, which impose penalties and interest for non-payment, ensure the employer's voluntary cooperation. *HLJ Management Group, Inc. v. Kim,* 804 P.2d 250 (Colo.App. 1990).

When an employer admits liability, it is bound by that admission and must pay accordingly. *Williams v. Industrial Commission,* 723 P.2d 749 (Colo.App.1986).

Here, the final admission listed the payment of temporary total disability benefits for the period in which they were actually paid. As to PPD benefits, the admission showed a period of payment commencing on the date of MMI after claimant's second surgery and listed the amount of such benefits as $36,568.90. The final admission contained no indication that a credit or offset would be taken by respondents to reduce the amount of PPD benefits listed. The final admission also included no reference to the PPD benefits previously paid to claimant after his first surgery. *See Safeway, Inc. v. Industrial Claim Appeals Office,* —— P.2d —— (Colo. App. No. 97CA2192, October 29, 1998) (failure to include offset claim against Subsequent Injury Fund in final admission constitutes an admission that the employer is fully liable for claimant's injury).

Under these circumstances, we conclude that, in accordance with the requirements of §8–43–203(2)(b)(I), C.R.S.1998, employer was obligated expressly to inform claimant of any credit or set off in the final admission. Notification of the credit in the previously filed general admission did not adequately preserve employer's right to a reduction because it is the final admission which dispositively settles an employer's liability when uncontested. *See* §8–43–203(2)(b)(II), C.R.S.1998. Consequently, the Panel correctly determined that the final admission was legally insufficient to preserve the claimed credit and that employer was bound to pay benefits in accordance with the amount represented in that document.

By holding that the final admission must be enforced as filed, we express no opinion

regarding employer's entitlement to the disputed credit or whether it may seek to re-open this proceeding for resolution of that issue.

The order is affirmed.

Judge JONES and Judge DAVIDSON, concur.