Donna DYRKOPP, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; Denver School District No. 1; and Colorado Compensation Insurance Authority, d/b/a Pinnacol Assurance, Respondents.

No. 00CA1180.

Colorado Court of Appeals,
Div. III.

April 12, 2001.

Certiorari Granted Sept. 10, 2001.

David Lichtenstein, Denver, CO, for Petitioner.

Ken Salazar, Attorney General, Mark W. Gerganoff, Assistant Attorney General, Denver, CO, for Respondent Industrial Claim Appeals Office.

Curt Kriksciun, Denver, CO, for Respondents Denver School District No. 1 and Colorado Compensation Insurance Authority.

Opinion by Judge NEY.

Donna Dyrkopp (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) holding that her claim had been closed by a prior award granting her permanent partial disability benefits. We affirm.

Claimant suffered a compensable back injury in February 1996, and received medical and temporary disability benefits. On February 3, 1997, the Denver School District, by its insurer, the Colorado Compensation Insurance Authority (collectively employer), filed a final admission that contained language, in bold print, that "All benefits or penalties not admitted below are hereby specifically denied." Below this statement, an "x" was placed in the spaces next to "Medical to Date," "TTD," and "Working Unit," which was rated at 23 percent. No "x" was placed next to the space designated for "Permanent Total Disability." The "General Remarks" section contained an explanation of the benefit calculation of permanent partial disability pursuant to statute based upon a 23 percent rating.

Claimant did not object to the final admission within 60 days, and the case was automatically closed as provided by the applicable version of the statute currently codified at § 8–43–203(2)(b)(II), C.R.S.2000. *See* Colo. Sess. Laws 1998, ch. 313 at 1431 (reducing time for objection from 60 to 30 days and renumbering the statute). A few days after the final admission was filed, claimant applied for, and received, a lump sum payment of the unpaid permanent impairment benefits.

Thereafter, claimant sought additional benefits and filed a petition to reopen. At the hearing, she argued, in part, that her claim had not been previously closed. The Administrative Law Judge (ALJ) concluded, however, as pertinent here, that the final admission closed all issues, including permanent total disability benefits. The ALJ also concluded that claimant failed to establish a basis for her claim to be reopened. On review, the Panel affirmed.

Claimant contends that a final admission, which admits liability for permanent partial disability benefits, but not for permanent total disability benefits, is insufficient to close a claim for permanent total disability benefits. She argues that to decide otherwise is to rewrite the statute and to deprive a claimant of fair notice of her rights. We disagree.

■ An uncontested final admission of liability automatically closes a case "as to the issues admitted in the final admission." Section 8–43–203(2)(b)(II), C.R.S.2000. Section 8–43–203(2)(b)(II) is part of a statutory scheme designed to promote, encourage, and ensure prompt payment of compensation to an injured worker without the necessity of a formal administrative determination in cases not presenting a legitimate controversy. *Cibola Construction v. Industrial Claim Appeals Office*, 971 P.2d 666 (Colo.App.1998).

■ We agree with the Panel that the language "as to the issues admitted" in § 8–43–203(2)(b)(II) does not mean only those "issues" on which an employer agrees to pay benefits. Rather, consistent with the intent of the General Assembly, the phrase must be interpreted as referring to issues on which the employer affirmatively takes a position, either by agreeing to pay benefits or by denying liability to pay benefits.

■ Thus, as pertinent here, because permanent partial disability benefits and permanent total disability benefits both compensate for a claimant's permanent loss of earning capacity, an admission for permanent partial benefits constituted an implicit denial of liability for permanent total disability benefits. *See Waymire v. Industrial Claim Appeals Office*, 924 P.2d 1168 (Colo.App.1996). In *Waymire*, the division rejected the argument that medical impairment benefits were qualitatively different from permanent partial or permanent total disability benefits because there were different methods for calculating those benefits.

■ Here, employer did not admit payment of permanent total disability benefits. According to the admonition in the notice, then, such benefits were specifically denied. The reverse side of the final admission notified claimant that she was required to write a letter to the division stating her objection if she disagreed with the "amount or type of benefits" that the employer agreed to pay. Since claimant failed to file a timely written objection to benefits calculated upon a working unit, she waived the right to seek permanent total disability benefits. *See Brunetti v. Industrial Commission*, 670 P.2d 1246 (Colo. App.1983).

Claimant testified that she did not object to the final admission of liability because she expected that she would return to work. In addition, claimant did not testify that the admission was confusing or that she was not informed of her rights.

■ We agree with the Panel that claimant was not excused from objecting to the final admission because she proceeded *pro se.* A *pro se* litigant is presumed to have knowledge of the applicable statutes and must be prepared to accept the consequences of her own mistakes if she elects to represent herself, even if the case is not litigated. *See Manka v. Martin,* 200 Colo. 260, 614 P.2d 875 (1980).

Furthermore, claimant's argument that a finding of waiver would necessarily close a case regarding not only admitted issues, but also other issues not addressed in a final admission, is unfounded. *See Dalco Industries, Inc. v. Garcia,* 867 P.2d 156 (Colo.App. 1993) (admission of liability did not automatically close issue of penalties for untimely filing of admission).

The order is affirmed.

Judge NIETO concurs.

Judge MARQUEZ dissents.

Judge MARQUEZ dissenting:

Because I disagree with the majority's interpretation of § 8–43–203(2)(b)(II), C.R.S. 2000, I respectfully dissent.

After claimant received medical and temporary disability benefits, the Denver School District, by its insurer, the Colorado Compensation Insurance Authority, filed a final admission. Claimant did not object to the final admission within 60 days, and the case was automatically closed. She then sought additional benefits and filed a petition to reopen. She also argued that the final admission of liability was not sufficient to close the claim with respect to the issue of permanent total disability benefits. The Administrative Law Judge (ALJ) held that the final admission closed all issues, including permanent total disability benefits, and that claimant had failed to establish a basis for reopening her claim.

Section 8–43–203(2)(b)(II) provides in pertinent part:

An admission of liability for final payment of compensation shall include a statement that this is the final admission by the workers' compensation insurance carrier in the case, that the claimant may contest this admission if the claimant feels entitled to more compensation ... and notice to the claimant that the case will be automatically closed *as to the issues admitted* in the final admission if the claimant does not, within thirty days after the date of the final admission, contest the final admission in writing and request a hearing on any disputed issues that are ripe for hearing .... (emphasis added)

Section 8–43–203(2) provides for continuing jurisdiction over any issue not specifically addressed in a noncontested final admission of liability. *Dalco Industries, Inc. v. Garcia,* 867 P.2d 156 (Colo.App.1993).

The final admission of liability filed by the Denver School District provides that "all benefits or penalties not admitted below are hereby specifically denied." An "x" was placed before "Medical To Date" and "TTD" and before "Working Unit." What was not marked was the blank before "Permanent Total Disability."

On the reverse side of the form there is a notice to claimant that states in part that if the claimant does not notify the division in writing that the claimant objects to the final admission, "your case will automatically be closed as to the issues admitted in the final admission."

In *Dalco Industries, Inc. v. Garcia, supra,* a division of this court held that the final admission of liability was limited to an admission for temporary and permanent partial disability, and, therefore, the issue of penalties was not closed.

Similarly, here, the permanent total disability space on the final admission was not marked, and that issue was not closed. Further, the notice on the reverse side of the form implies that because permanent total disability was not admitted, the case would not automatically be closed as to that issue.

The majority points to the notice on the reverse side of the final admission that claimant was required to write a letter to the division stating her objection if she disagreed with the "amount or type of benefits" that the employer agreed to pay. The majority then concludes that, because claimant did not file a timely written objection, she waived the right to seek permanent total disability benefits. In my view, claimant acted consistently with the notice. She did not disagree with the amount or type of benefits the employer agreed to pay. Because she was advised that the case would automatically be closed "as to the issues admitted," she acted reasonably in assuming that permanent total disability was an issue that would not automatically be closed.

Accordingly, I would reverse the final order of the Panel and allow claimant to address the issue of permanent total disability benefits.