Marisa FEELEY, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE of Colorado, Cen-
tury Communications, and Sentry Insur-
ance Company, Respondents.

No. 07CA1389.

Colorado Court of Appeals,
Div. IV.

Sept. 4, 2008.

Certiorari Denied Dec. 2, 2008.

Alexander and Ricci, P.C., William A. Alexander, Jr., Colorado Springs, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Senter Goldfarb & Rice, L.L.C., J.J. Fraser, Denver, Colorado, for Respondents Century Communications and Sentry Insurance.

Opinion by Judge CARPARELLI.

In this workers' compensation action, claimant, Marisa Feeley, seeks review of the final order of the Industrial Claim Appeals Office (Panel) affirming the decision of the administrative law judge (ALJ), who entered summary judgment dismissing claimant's request for benefits and penalties on the ground that her claim was closed. We affirm.

## I.   Factual Background

The facts of this case are undisputed. Claimant sustained an admitted, work-related injury in 1998. She was treated by an authorized treating physician (ATP) who determined she was at maximum medical improvement (MMI) in 1999. Thereafter, claimant sought a division-sponsored independent medical examination (DIME) to challenge the ATP's MMI determination. The DIME physician disagreed with the ATP, and opined that claimant was not yet at MMI and should undergo additional treatment. Thirteen months later, after a different ATP placed her at MMI a second time, claimant returned to the DIME physician who again opined that she had not reached MMI. Finally, a third ATP placed claimant at MMI in October 2002.

In response to the third ATP's MMI determination, claimant's employer, Century Communications, and its insurer, Sentry Insurance (collectively employer), filed a final admission of liability (FAL) on May 12, 2003. Employer did not request a follow-up DIME, and none was performed, before the FAL was filed. Claimant admits she did not file a written objection to this FAL, although she contends she filed an application for hearing within thirty days.

At a hearing held in August 2003, claimant argued that employer was required to obtain a follow-up DIME before filing its FAL. Finding no authority supporting claimant's position, the ALJ disagreed and denied claimant's request for penalties and a follow-up DIME. That decision was affirmed by both the Panel and a division of this court. *Feeley v. Indus. Claim Appeals Office*, 2004 WL 2676593 (Colo.App. No. 04CA0258, Nov. 24, 2004) (not published pursuant to C.A.R. 35(f)) (*Feeley I*). Claimant's petition for writ of certiorari for further review of the issue was denied by the Colorado Supreme Court in March 2005.

In November 2006, the supreme court issued its decision in *Williams v. Kunau*, 147 P.3d 33 (Colo.2006), holding that after a claimant successfully challenges an MMI determination with a DIME, "the DIME process remains open and, when the treating physician makes a second finding of MMI, the employer or insurer may not file an FAL to close the case prior to returning the claimant to the independent medical examiner for a follow-up examination and determination of MMI." *Williams*, 147 P.3d at 35. One month later, on December 6, 2006, claimant applied for another hearing, seeking continuing temporary total disability (TTD) benefits, reimbursement for a follow-up DIME, and penalties for employer's alleged failure to comply with *Williams*.

Employer moved for summary judgment, arguing that: (1) claimant's claim was closed; (2) the period for reopening under section 8–43–303, C.R.S.2007, had expired; (3) the issues endorsed in claimant's application for hearing were barred by the doctrines of claim and issue preclusion; and (4) the *Williams* decision had no retroactive effect. After conducting a telephonic hearing, the ALJ determined that claimant's claim was closed, that *Williams* should not be applied retroactively, and that claimant was barred

by the doctrine of claim preclusion from relitigating whether employer was required to pay for a follow-up DIME. The ALJ therefore granted employer's motion for summary judgment and struck claimant's application for hearing.

On claimant's petition for review, the Panel affirmed the ALJ's order, holding that claimant's claim had automatically closed because she had not filed a written objection to employer's May 2003 FAL. The Panel also concluded *Williams* was distinguishable from claimant's case because the claimant in *Williams* objected to the FAL.

## II. Issue Preclusion

■ On appeal, claimant contends that under the holding in *Williams,* employer was required to obtain a follow-up DIME before filing its FAL, that the ALJ and Panel erred in determining her claim had closed in the absence of a follow-up DIME, and that employer should have been required to provide her continuing TTD benefits. Employer responds that the doctrines of issue and claim preclusion bar further litigation of these issues because they were fully adjudicated before this court in *Feeley I* and denied further review by the supreme court. We agree that issue preclusion bars further litigation.

■ Both issue preclusion and claim preclusion apply to administrative proceedings, including workers' compensation claims. *Red Junction, LLC v. Mesa County Bd. of County Comm'rs,* 174 P.3d 841, 844 (Colo. App.2007); *Holnam, Inc. v. Indus. Claim Appeals Office,* 159 P.3d 795, 797 (Colo.App. 2006). Issue preclusion bars relitigation of an issue if:

(1) the issue sought to be precluded is identical to an issue actually determined in the prior proceeding;

(2) the party against whom estoppel is asserted has been a party to or is in privity with a party to the prior proceeding;

(3) there is a final judgment on the merits in the prior proceeding; and

(4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Sunny Acres Villa, Inc. v. Cooper,* 25 P.3d 44, 47 (Colo.2001).

The issues raised in claimant's prior appeal preclude further consideration of the issues raised herein. After employer filed its FAL regarding the ATP's determination of MMI in May 2003, claimant asserted that although she did not file an objection to the FAL, a follow-up DIME, at employer's expense, was required. She also requested that employer pay penalties for failing to send her for such a DIME. The ALJ's September 2003 decision resolved these issues against her.

Claimant appealed to the Panel and the Court of Appeals, contending that an employer-paid follow-up DIME was required. The ALJ's decision became final after the supreme court rejected claimant's petition for certiorari review of the *Feeley I* decision affirming the ALJ.

As to the contentions now before us, the ALJ's February 2007 findings of fact make clear that claimant's December 2006 application for hearing requested coverage for a follow-up DIME, penalties, and continuing TTD benefits. The identical issue—payment for a follow up DIME, and TTD benefits if the DIME finds claimant is not at MMI— was fully adjudicated by the identical parties following claimant's 2003 application for hearing.

Thus, claimant litigated through all levels of appeal the same issue she is now pursuing and received a final adjudication. All the elements of issue preclusion having been met, and we conclude that the doctrine of issue preclusion bars claimant from further litigating whether employer was required to pay for a follow-up DIME after the ATP concluded she was at MMI in 2003. *See Sunny Acres Villa,* 25 P.3d at 47.

## III. Closure of Claim

■ Twenty months after the supreme court denied certiorari review of the November 2004 decision in *Feeley I,* it decided *Williams,* and held that

once a claimant has successfully challenged a finding of MMI through the DIME pro-

cess, the DIME process remains open and, when the treating physician makes a second finding of MMI, the employer or insurer may not file an FAL to close the case prior to returning the claimant to the independent medical examiner for a follow-up examination and determination of MMI. *Williams,* 147 P.3d at 35.

Notwithstanding claimant's prior unsuccessful litigation of the requirement for a follow-up DIME, she now argues that the decision in *Williams* renders void the FAL that precipitated that litigation and that the FAL, therefore, did not trigger the automatic closure of her claim. We disagree.

An FAL notifies a claimant that

the case will be automatically closed as to the issues admitted in the final admission if the claimant does not, within thirty days after the date of the final admission, contest the final admission in writing and request a hearing on any disputed issues that are ripe for hearing, including the selection of an independent medical examiner pursuant to section 8–42–107.2.

§ 8–43–203(2)(b)(II), C.R.S.2007.

■ The automatic closure of issues raised in an uncontested FAL is "part of a statutory scheme designed to promote, encourage, and ensure prompt payment of compensation to an injured worker without the necessity of a formal administrative determination in cases not presenting a legitimate controversy." *Dyrkopp v. Indus. Claim Appeals Office,* 30 P.3d 821, 822 (Colo.App.2001). Once a case has automatically closed by operation of the statute, "the issues resolved by the FAL *are not subject to further litigation unless they are reopened pursuant to [section] 8–43–303.*" *Berg v. Indus. Claim Appeals Office,* 128 P.3d 270, 272 (Colo.App.2005) (emphasis added).

Here, there is no dispute that claimant *requested a hearing* regarding employer's 2003 FAL, but did not file a separate, written *objection* to it. Claimant argues that the timely request for hearing adequately notified employer of her objection to the FAL. Assuming, without deciding, that the hearing request constituted a written objection to the FAL for purposes of section 8–43–203(2)(b)(II) and can be construed as an objection to the validity of the FAL, claimant's litigation of that issue at the August 2003 hearing and through all levels of appeal resolved it and precludes her from pursuing it again here.

Accordingly, the claim was closed by claimant's exhaustion of the appeal process, described above, and failure to file a timely petition to reopen. An order that becomes final "by the exhaustion of, or the failure to exhaust" further review proceedings, precludes any further proceedings to increase or decrease benefits beyond those granted by the order, "unless there is an appropriate further order entered directing that those proceedings be reopened." *Brown & Root, Inc. v. Indus. Claim Appeals Office,* 833 P.2d 780, 783 (Colo.App.1991). Under such circumstances, the claim is then closed and may only be considered further upon the grant of a petition to reopen pursuant to section 8–43–303. *Cf. Dyrkopp,* 30 P.3d at 822 (holding uncontested FAL automatically closed claim and barred further claims for benefits absent reopening of award).

### IV. Time Bar to Reopening

■ Although a claimant may petition to reopen, alleging an erroneous application of law, such a petition must be timely made. *Cf. Renz v. Larimer County Sch. Dist. Poudre R–1,* 924 P.2d 1177, 1180–81 (Colo.App. 1996) (reopening justified by mistake of law in which "original order [was] inconsistent with a subsequent judicial interpretation of a controlling statute"). A petition to reopen a claim must be filed within six years of the date of injury, section 8–43–303(1), C.R.S. 2007, or within two years of the last benefit payment, section 8–43–303(2), C.R.S.2007, on the ground of fraud, overpayment, error, mistake, including mistakes of law, or change in condition. § 8–43–303; *Calvert v. Indus. Claim Appeals Office,* 155 P.3d 474, 476–77 (Colo.App.2006) (two-year statute of limitations begins to run from date of last disability payment; even if a change of condition manifests itself after statute of limitations expires, petition to reopen is barred by express language of statute); *Thye v. Vermeer Sales & Serv.,* 662 P.2d 188, 190 (Colo.App.

1983) (six-year statute of limitations for petitions to reopen workers' compensation claims begins to run from date of injury).

Because the record does not include claimant's December 2006 application for hearing, we cannot determine whether the application sought to reopen her claim under section 8–43–303. Nonetheless, the application for hearing was not filed within six years of her 1998 work-related injury as required by section 8–43–303(1), nor was it filed within two years of the last benefit payment made in August 2003, as required by section 8–43–303(2). Thus, even assuming the December 2006 application included a request to reopen, it would have been untimely and properly dismissed by the ALJ on that basis.

### V. Applicability of *Williams*

Claimant contends, in the alternative, that even if her claim was at one time closed, the retroactive application of *Williams* effectively reopened her claim. However, because we have found that claimant's claim was barred by the doctrine of issue preclusion, that her claim had closed, and that further proceedings are barred by the applicable statute of limitations, we need not reach this issue. Even a misapplication of the law can only be addressed if a claim is made timely and not otherwise barred. *See Calvert,* 155 P.3d at 476–77.

### VI. Conclusion

We therefore affirm the Panel's conclusion that claimant's claim had closed and that she was barred from further litigating the issues raised in her December 2006 application for hearing.

The order is affirmed.

Judge ROY and Judge CRISWELL * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and